IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDY EISINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 13-11475 |
| | ) | |
| FRONTIER AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Frontier Airlines, Inc., by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-captioned cause from the Circuit Court for the County of Genesee, Case No. 12-98657-NI, to the United States District Court for the Eastern District of Michigan, Southern Division.  In support of its Notice of Removal, Defendant states as follows:

### I.      STATEMENT OF GROUNDS FOR REMOVAL

1.      This removal is based on the existence of diversity jurisdiction under 28 U.S.C. § 1332.

### II.      BACKGROUND FACTS APPLICABLE TO REMOVAL

2.      This case is a negligence action arising out of personal injuries Plaintiff Judy Eisinger ("Plaintiff") claims to have sustained on October 7, 2010 while in the process of deplaning a Frontier Airlines flight at Bishop International Airport, Flint, Michigan. (Ex. A, Compl., ¶¶1-15.)

3.      Plaintiff filed this action in the Circuit Court for the County of Genesee, State of Michigan, Case No. 12-98657-NI, on or about July 26, 2012 against Defendant Frontier Airlines, Inc. ("Frontier") (Ex. A, Compl.)

4.      Frontier filed its Answer and Affirmative Defenses to Plaintiff's Complaint on December 10, 2012. (Ex. B, Ans. & Affirm. Defs.)

5.      Frontier is a Colorado corporation that maintains its principal place of business in Denver, Colorado. (Ex. A, Compl., ¶2; Ex. C, Mich. Dep't of Licensing and Regulatory Affairs, Cert. of Incorporation and 2012 Annual Filing.)

6.      The face of Plaintiff's Complaint does not allege the amount in controversy, because stating a specific amount, aside from the jurisdictional threshold, is prohibited under Michigan Court Rule (B)(2). (*See* Ex. A, Compl..)

7.      On February 21, 2013, Frontier served various discovery requests to Plaintiff, including Requests for Admission pursuant to Michigan Court Rule 2.312, which sought admissions that the amount in controversy and the damages actually sought by Plaintiff for the injuries alleged in her Complaint exceed $75,000, exclusive of interest and costs. (Ex. D, Reqs. for Admission.)

8.      Plaintiff failed to serve responses to any of Frontier's discovery requests, including Frontier's Requests for Admission, within the 28-days for which Plaintiff was required to do so (i.e., on or before March 21, 2013). M.C.R. 2.312(B)(1); 2.107(C)(3). Pursuant to Michigan Court Rule 2.312, Frontier's Requests for Admissions are deemed admitted. *See* M.C.R. 2.312(B)(1); *Employers Mut. Cas. Co. v. Petroleum Equip., Inc.,* 190 Mich. App. 57, 61-62 (Mich. Ct. App. 1991).

### III.  GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

9.      Title 28 of the United States Code, Section 1441(a), authorizes removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

10.     Original jurisdiction exists for this action, pursuant to 28 U.S.C. §§ 1332 and 1441, because the lawsuit is between parties of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

#### A.   Complete Diversity of Citizenship Exists Between the Parties.

11.     For diversity purposes, a foreign corporation is deemed to be a citizen of its foreign state of incorporation and the foreign state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12.     Frontier is a Colorado corporation with its principal place of business in Denver, Colorado. (Ex. A, Compl., ¶5; Ex. C, Mich. Dep't of Licensing and Regulatory Affairs, Cert. of Incorporation and 2012 Annual Filing.) Therefore, Frontier is a citizen of Colorado, as contemplated under 28 U.S.C. §§ 1332(c)(1) and 1332(a)(2).

13.     Plaintiff is, and has been since 2005, a resident and citizen of the State of Texas. (Ex. A, Compl., ¶1); *see also Estate of Okonkowski v. Okonkowski*, No. 2:12-cv-264, 2012 U.S. Dist. LEXIS 171169, at *9 (W.D. Mich. Oct. 10, 2012) ("Clearly, it was not unreasonable for defendant to presume that each plaintiff was domiciled and a citizen of the state where they resided.").

14.     Consequently, there is complete diversity of citizenship between Plaintiff and Frontier in accordance with 28 U.S.C. § 1332(a)(2).

3

**B.      The Amount in Controversy Exceeds $75,000.**

15.      When the amount in controversy is not apparent on the face of the complaint, like in this case, a defendant may elicit such information through discovery in order to discern whether the jurisdictional amount in controversy is met. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002); *Wade v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 89192, at *7-9 (E.D. Mich. Aug. 11, 2011).

16.      Indeed, Michigan courts recognize that "where the state court rule prohibits a plaintiff from seeking a specific amount in personal injury claims, the determination as to whether the claim is removable may not be an easy one. . . . However, 28 U.S.C. § 1446(b) expressly permits an 'extension' of the 30-day requirement if it is not apparent from the initial complaint that the case is removable. In that situation, a defendant may rely upon subsequently received information, but when that subsequently received information alerts a defendant to the fact that the case is removable, defendant has 30 days from receipt of that information to file a Notice of Removal." *Green v. Clark Ref. & Mktg.,* 972 F. Supp. 423, 425 (E.D. Mich. 1997).

17.      Recent amendments to 28 U.S.C. § 1446, derived from the Jurisdiction and Venue Clarification Act ("JVCA"), effective January 6, 2012, confirm that facts regarding diversity jurisdiction are properly established by a defendant, pursuant to a preponderance of the evidence standard, through the issuance of requests for admission relating to the amount in controversy:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(c)(3)(A), (c)(2)(B); *accord Green,* 972 F. Supp. at 425 (finding that defendants may properly issue requests for admission pursuant to MCR 2.312 to determine the amount in controversy); *see also Anderton v. Wal-Mart Stores,* 2012 U.S. Dist LEXIS 115078, at *15-16 (S.D. Ill. Aug. 15, 2012) ("The removal statute specifically provides that '[i]nformation relating to the amount in controversy in the record of the State proceeding, or in response to discovery, shall be treated as an 'other paper' under subsection (b)(3).' Clearly plaintiff's failure to respond to defendant's request to admit is '[i]nformation relating to the amount in controversy in the record of the State proceeding' which 'shall be treated as an 'other paper' under subsection (b)(3).'" (quoting 28 U.S.C. § 1446(c)(3)(A))); *CPR Restoration & Cleaning Servs., LLC v. Fedorowycz,* 2009 U.S. Dist. LEXIS 31741, at *6 (E.D. Pa. Apr. 14, 2009) ("The Court finds that [plaintiff's] New Jersey residency, deemed admitted on January 20, 2009, due to Ms. Fedorowycz's failure to respond to [defendant's] Requests for Admission within 30 days, as per Pennsylvania Civil Rules of Procedure, falls within the purview of 'other paper' from which [defendant] could ascertain that the case had become removable.").

18.    Here, because Plaintiff admits that she seeks damages in an amount in excess of $75,000, exclusive of interest and costs, the amount in controversy is met and removal is proper. *See* 28 U.S.C. § 1446(c)(3)(A), (c)(2)(B); *see also Green,* 972 F. Supp. at 425; *Anderton,* 2012 U.S. Dist LEXIS 115078, at *15-16.

C.    **The Notice of Removal Is Timely**

19.    Because information regarding Plaintiff's citizenship and the amount in controversy was not discernable from the face of Plaintiff's Complaint, such facts were

not known to Frontier until Plaintiff failed to respond to Frontier's Requests for Admission on or before March 21, 2013. *See Green,* 972 F. Supp. at 425; *Anderton,* 2012 U.S. Dist LEXIS 115078, at *16-17.

20.     Thus, this Notice of Removal, dated April 1, 2013, is properly filed with this Court within thirty (30) days after determining the case was removable, as required by 28 U.S.C. § 1446(b) and (c)(3)(A). *See Green,* 972 F. Supp. at 425.

21.     In sum, this Court would have had original diversity jurisdiction over the Plaintiff's claim, pursuant to 28 U.S.C. § 1332(a), had the Plaintiff elected to file this action initially in federal court, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship. As such, Frontier is entitled to remove this action pursuant to 28 U.S.C. § 1441(a).

22.     Because the United States District Court for the Eastern District of Michigan, Southern Division is the federal judicial district embracing the Circuit Court for the County of Genesee, Michigan, where the suit was originally filed, removal and venue are proper under 28 U.S.C. §§ 81(b), 1441(a) and 1446.

23.     Concurrently with the filing of this Notice of Removal with this Court, Frontier will serve a copy of this Notice of Removal on Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Genesee County, pursuant to 28 U.S.C. § 1446(d). (Ex. E, Genesee County Notice of Removal.) Frontier will likewise file a copy of all additional papers in the state court record with this Court, as attached hereto as Group Exhibit F.

24.     By filing this Notice of Removal, Frontier does not waive, but rather expressly reserves all rights, defenses, and objections of any nature that it may have to Plaintiff's claims.

## IV.     CONCLUSION

25.     For the foregoing reasons, Defendant Frontier Airlines, Inc. respectfully removes the above-captioned cause from the Circuit Court for the County of Genesee, Michigan, Case No. 12-98657-NI, to the United States District Court for the Eastern District of Michigan, Southern Division.

Dated: April 1, 2013                          Respectfully submitted,

                                             **FRONTIER AIRLINES, INC.**


                                             By:      /s/ Brian T. Maye
                                                       One of Its Attorneys

                                             Dean G. Greenblatt (P54139)
                                             DEAN G. GREENBLATT, PLC
                                             4190 Telegraph Road, Suite 3500
                                             Bloomfield Hills, MI 48302
                                             Phone: (248) 644-7520
                                             dgg@mnsi.net

                                             -and-

                                             Steven L. Boldt (admitted *pro hac vice* in
                                             Case No. 12-98657-NI)
                                             Brian T. Maye (E.D. Mich. Bar 6288778)
                                             ADLER MURPHY & McQUILLEN LLP
                                             20 S. Clark Street, Suite 2500
                                             Chicago, Illinois 60603
                                             Phone: (312) 345-0700
                                             Fax No.: (312) 345-9860
                                             sboldt@amm-law.com
                                             bmaye@amm-law.com

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on April 1, 2013, I served the foregoing document by forwarding copies of the same to the parties identified below via U.S. mail by depositing the same in the U.S. Mail, proper postage prepaid, before the hour of 4:30 p.m.

**SCHRAM, BEHAN & BEHAN**
Michael R. Behan (P45121)
Attorneys for Plaintiff
Eastbrook Plaza
4127 Okemos Road, Suite 3
Okemos, MI  48864
(517) 347-3500
behan@tds.net

              By:   /s/ Brian T. Maye