**DEAN G. GREENBLATT, PLC**
ATTORNEY AND COUNSELOR AT LAW

4190 TELEGRAPH ROAD
SUITE 3500
BLOOMFIELD HILLS, MICHIGAN 48302

DEAN G. GREENBLATT
ADMITTED IN FLORIDA AND MICHIGAN

TELEPHONE: (248) 644-7520
EMAIL: DGG@MNSI.NET

BLOOMFIELD HILLS, MICHIGAN
ORLANDO, FLORIDA

December 10, 2012

*VIA HAND DELIVERY*

Clerk of the Court
Genesee County Circuit Court
900 S Saginaw St
Flint  MI  48502

    Re:    Eisinger v Frontier Airlines
                2012-98657 NI

Dear Clerk:

Please find enclosed the following documents for filing in this matter:
1. Plaintiff's Answer and Affirmative Defenses to Plaintiff's Complaint and Reliance upon Jury Demand; and,
2. Certificate of Service.

Sincerely,

Dean G. Greenblatt
DGG/bms

Enclosure
cc.    Michael R. Behan, Esq.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

    Plaintiff,

v.

FRONTIER AIRLINES

    Defendant.

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

| | |
|---|---|
| SCHRAM, BEHAN & BEHAN<br>Michael R. Behan (P45121)<br>Attorneys for Plaintiff<br>Eastbrook Plaza<br>4127 Okemos Road, Suite 3<br>Okemos, MI 48864<br>(517) 347-3500<br><br>DEAN G. GREENBLATT, PLC<br>DEAN G. GREENBLATT (P54139)<br>Attorney for Defendant<br>4190 Telegraph Road<br>Suite 3500<br>Bloomfield Hills, MI 48302<br>(248) 644-7520 | ADLER MURPHY & McQUILLEN LLP<br>Steven L. Boldt<br>Brian T. Maye<br>Paula L. Wegman<br>Attorneys for Defendant<br>20 South Clark Street<br>Suite 2500<br>Chicago, IL 60603<br>Telephone: (312) 345-0700<br>Facsimile: (312) 345-0700<br><br> |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
AND RELIANCE UPON JURY DEMAND**

    NOW COMES Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, DEAN G. GREENBLATT, PLC, states the following as its Answer and Affirmative Defenses to Plaintiff's Complaint:

    1.    Plaintiff, Judith Eisinger, resides at 501 Bourland Road, Apartment 1303, Keller, Texas.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

2. Defendant, Frontier Airlines, has its principle offices at 7001 Tower Road, Denver, Colorado and transacts business in Genesee County, Michigan.

**ANSWER:** Frontier admits only that its principal place of business is located at 7001 Tower Road, Denver, Colorado; that it operated a flight to Genesee County, Michigan on October 7, 2010; and denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. This incident occurred and jurisdiction exists in this court because of a negligence accident in Genesee County, Michigan.

**ANSWER:** Paragraph 3 of Plaintiff's Complaint contains conclusions of law to which no response is required. In the event a response is deemed necessary, Frontier denies these allegations.

4. The amount in controversy is within the jurisdiction of this court because plaintiff claims physical damages in excess of $25,000.

**ANSWER:** Paragraph 4 of Plaintiff's Complaint contains conclusions of law to which no response is required. In the event a response is deemed necessary, Frontier denies these allegations.

## FACTUAL ALLEGATIONS

5. At all times relevant to this case, Defendant, Frontier Airlines, was transacting business at Flint's Bishop Airport.

**ANSWER:** Frontier admits only that it operated a flight on October 7, 2010 to Flint's Bishop Airport and denies the remaining allegations set contained in Paragraph 5 of Plaintiff's Complaint.

6. Plaintiff bought ticket #4227917374471 to travel on the Defendant's airline on October 7, 2010.

**ANSWER:** Frontier admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Plaintiff suffers from a handicap and must travel by wheelchair.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

8. Defendant, Frontier Airlines, was aware of the handicap.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

9. The ticket Defendant, Frontier Airlines, sold to the Plaintiff specifically stated that Plaintiff was immobile.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

10. Defendant, Frontier Airlines, had not taken the precautions necessary for the safety of the Plaintiff.

**ANSWER:** Frontier denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. While attempting to transfer the Plaintiff between a wheelchair and a seat on the plane, Defendant's employees (one of whom was pregnant) negligently dropped the Plaintiff.

**ANSWER:** Frontier denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained serious and what appear to be permanent injuries.

**ANSWER:** Frontier denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The entire incident at issue, which occurred in Genesee County, Michigan, was preventable if the Defendant, Frontier Airlines, had utilized reasonable measures to protect for the safety of a handicapped person.

**ANSWER:** Frontier denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. As a direct and proximate cause of Defendant's actions, Plaintiff had been caused to suffer significant physical pain, injury, and discomfort.

**ANSWER:** Frontier denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered from the serious impairment of body functions that has affected her general ability to lead a normal life.

**ANSWER:** Frontier denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT I
## NEGLIGENCE CLAIM – AGAINST FRONTIER AIRLINES

16. Plaintiff incorporates by reference all allegations made in paragraphs 1 through 15 herein.

**ANSWER:** Frontier hereby adopts and reincorporates its responses to Paragraphs 1 through 15 of its Answer to Plaintiff's Complaint, as though fully set forth herein.

17. Defendant, Frontier Airlines, owed Plaintiff, Judy Eisinger, the following duties of care (among others):

   a. To have its aircraft in such a condition to accommodate handicap persons such as Plaintiff;
   b. Not to drop Plaintiff when attempting to transfer the Plaintiff between a wheelchair and a seat on the plane.

**ANSWER:** Paragraph 17 of Plaintiff's Complaint, including subparts (a)-(b) therein, contain conclusions of law to which no response is required. In the event a response is deemed necessary, Frontier denies the allegations contained in Paragraph 17 of Count I of Plaintiff's Complaint, including subparts (a)-(b) therein.

18. Defendant, Frontier Airlines, breached said duties owed to Plaintiff, and that as a direct and proximate result of Defendant's breach of its duties, the Plaintiff was dropped and the injuries stated in this complaint resulted.

**ANSWER:** Frontier denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. As a direct and proximate result of the negligence of Defendant, Frontier Airlines, Plaintiff suffered serious injuries, and may in the future suffer and may permanently suffer mental anguish, pain and suffering, injuries, and limitations (including aggravation of preexisting conditions, if any).

**ANSWER:** Frontier denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that Plaintiff take nothing by way of her Complaint and that judgment be entered in favor of Defendant and against the Plaintiff; and Defendant prays for its costs in defending this action, and for such further relief as this Court deems just and equitable.

### **GENERAL DENIAL**

Frontier denies all allegations of Plaintiff's Complaint that are not specifically admitted hereinabove.

## AFFIRMATIVE DEFENSES

In further response to the Plaintiff's Complaint, Defendant, FRONTIER AIRLINES, INC., hereby raises, asserts, and preserves the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The subject occurrence and any resulting damages were caused either wholly or in part by and through the acts or omissions of one or more third parties for whom or which Frontier is not responsible and over which or whom Frontier has no control, and any damages ultimately deemed recoverable by the Plaintiff against Frontier should be barred or reduced accordingly.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a cause of action upon which relief can be granted under the law of the jurisdiction applicable to the case.

### THIRD AFFIRMATIVE DEFENSE

The acts or omissions of a third party for which Frontier is not responsible and over which Frontier has no control are the sole proximate cause of the events described in the Plaintiff's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Frontier, other persons, parties or entities which may as yet be known or unknown, or which may be discovered, was or were contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in

part, for any damages which Plaintiff may prove in this matter. Therefore, any and all recovery against Frontier must be extinguished or diminished by an amount proportional to such other's or others' degree(s) of negligence, fault, or other legal responsibility, as required by the applicable states law of indemnity, contribution and apportionment statutes and other applicable law.

### FIFTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Frontier, the plaintiff was contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in part, for any damages, which they may prove in this matter. Therefore, any and all recovery against Frontier must be extinguished or diminished by an amount proportional to the Plaintiff's degree of negligence, fault, or other legal responsibility, as required by the applicable states law of indemnity, contribution and apportionment statutes and other applicable law.

### SIXTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by Plaintiff were proximately caused by unforeseeable intervening and superseding causes for which Frontier is not responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Plaintiff has failed to join one or more indispensable parties, necessary for the proper adjudication of this matter.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by Federal law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action may be governed, in whole or in part, by the laws of jurisdictions other than Michigan.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred because Plaintiff assumed the risks of which Plaintiff complains.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

### TWELFTH AFFIRMATIVE DEFENSE

Frontier relies upon all defenses, limitations and/or set offs provided under the Michigan Tort Reform Act, Public Act 178, 1986.

### THIRTEENTH AFFIRMATIVE DEFENSE

Because this action was filed after March 28, 1996; therefore, all provisions of Public Act 161 apply to Frontier together with all provisions of the Tort Reform that have taken effect. By way of illustration, but not limitation, Frontier cites MCL600.1629(1), 600.2957(3), 600.6304(3), 600.2960, 600.2947(6), 600.2955, 600.2946(2), 600.2947(5), 600.2946(a), 600.2955(a), 600.2947(4), 600.2945(j), 600.2948(2), 600.2947(1), 600.2945(a), 600.1621, 600.1627, 600.1629, 600.1641, 600.2946, 600.2948, 600.2956, 600.6304, 600.6312, 600.2958, 600.2959, 600.2947, 600.2949(a), 600.2957, 600.6306, and all other provisions that could in any way have any applicability to this matter.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred because Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred because Plaintiff has failed to mitigate her damages.

## RESERVATION OF FURTHER DEFENSES

Frontier reserves the right to supplement and amend its defenses in this action, including its affirmative defenses, as necessary in light of the facts, allegations, claims and changes or modifications in the law.

## JURY DEMAND

In the event that Plaintiff waives her demand for a trial by jury, the Defendant, FRONTIER AIRLINES, INC., hereby demands trial by jury.

Dated: December 10, 2012

Respectfully submitted,

By: Dean G. Greenblatt, Esq.
DEAN G. GREENBLATT, PLC
4190 Telegraph Road
Bloomfield Hills, MI 48302
Telephone: (248) 644-7520

Of Counsel:

Steven L. Boldt
Brian T. Maye
Paula L. Wegman
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-0700

**ATTORNEYS FOR DEFENDANT
FRONTIER AIRLINES, INC.**

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

    Plaintiff,

v.

FRONTIER AIRLINES

    Defendant.

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

_____/

| | |
|---|---|
| SCHRAM, BEHAN & BEHAN<br>Michael R. Behan (P45121)<br>Attorneys for Plaintiff<br>Eastbrook Plaza<br>4127 Okemos Road, Suite 3<br>Okemos, MI 48864<br>(517) 347-3500<br><br>DEAN G. GREENBLATT, PLC<br>DEAN G. GREENBLATT (P54139)<br>Attorney for Defendant<br>4190 Telegraph Road<br>Suite 3500<br>Bloomfield Hills, MI 48302<br>(248) 644-7520 | ADLER MURPHY & McQUILLEN LLP<br>Steven L. Boldt<br>Brian T. Maye<br>Paula L. Wegman<br>Attorneys for Defendant<br>20 South Clark Street<br>Suite 2500<br>Chicago, IL 60603<br>Telephone: (312) 345-0700<br>Facsimile: (312) 345-0700 |

_____/

## CERTIFICATE OF SERVICE

COUNTY OF OAKLAND  )
                           )SS
STATE OF MICHIGAN   )

    Dean G. Greenblatt says that on December 10, 2012, he did serve a copy of:
1. Plaintiff's Answer and Affirmative Defenses to Plaintiff's Complaint and Reliance Upon Jury Demand; and;
2. Certificate of Service.

upon counsel of record by First Class Mail, postage prepaid.

    I hereby declare that the statement above is true to the best of my knowledge, information and belief.

Dated: December 10, 2012

                                                                 Dean G. Greenblatt