STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

Plaintiffs,

v.

FRONTIER AIRLINES

Defendant.

Case No. 12 - 98 65 7 -NI

JUDITH A. FULLERTON
P-20455

_____/

Michael R. Behan (P45121)
SCHRAM, BEHAN & BEHAN
*Attorneys for Plaintiff*
Eastbrook Plaza
4127 Okemos Road, Suite 3
Okemos, Michigan 48864
Phone: (517) 347-3500

A TRUE COPY
Michael J. Carr, Clerk

*THERE IS NO OTHER PENDING OR RESOLVED
CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION
OR OCCURRENCE AS ALLEGED IN THE COMPLAINT*

## COMPLAINT AND JURY DEMAND

### *JURISDICTION*

NOW COMES Plaintiff, JUDY EISINGER, by and through her attorneys,

SCHRAM, BEHAN & BEHAN, who hereby states as follows as her cause of action:

1.      Plaintiff, JUDY EISINGER, resides at 501 Bourland Road, Apartment

1303, Keller, Texas.

2.      Defendant, FRONTIER AIRLINES, has its principle offices at 7001

Tower Road, Denver, Colorado and transacts business in Genesee County, Michigan.

3.      This incident occurred and jurisdiction exists in this court because of a

negligence accident in Genesee County, Michigan.

4. The amount is controversy is within the jurisdiction of this court because plaintiff claims physical damages in excess of $25,000.00.

## *FACTUAL ALLEGATIONS*

5. At all times relevant to this case, Defendant, FRONTIER AIRLINES, was transacting business at Flint's Bishop Airport.

6. Plaintiff bought ticket #4227917374471 to travel on the Defendant's airline on October 7, 2010.

7. Plaintiff suffers from a handicap and must travel by wheelchair.

8. Defendant, FRONTIER AIRLINES, was aware of the handicap.

9. The ticket defendant, FRONTIER AIRLINES, sold to the plaintiff specifically stated that plaintiff was immobile.

10. Defendant, FRONTIER AIRLINES, had not taken the precautions necessary for the safety of the plaintiff.

11. While attempting to transfer the plaintiff between a wheelchair and a seat on the plane, defendant's employees (one of whom was pregnant) negligently dropped the plaintiff.

12. As a direct and proximate result of the defendant's conduct, plaintiff sustained serious and what appear to be permanent injuries.

13. The entire incident at issue, which occurred in Genesee County, Michigan, was preventable if the defendant, FRONTIER AIRLINES, had utilized reasonable measures to protect for the safety of a handicapped person.

14. As a direct and proximate cause of defendants' actions, plaintiff has been caused to suffer significant physical pain, injury, and discomfort.

2

15.   As a direct and proximate cause of defendants' actions, plaintiff has

suffered from the serious impairment of body functions that has affected her general

ability to lead a normal life.

### COUNT I
### NEGLIGENCE CLAIM – AGAINST FRONTIER AIRLINES

16.   Plaintiff Incorporates by reference all allegations made in Paragraphs 1

through 15 herein.

17.   Defendant, FRONTIER AIRLINES owed Plaintiff JUDY EISINGER the

following duties of care (among others):

a.   To have its aircraft in such a condition to accommodate handicap persons
such as plaintiff;
b.   Not to drop plaintiff when attempting to transfer the plaintiff between a
wheelchair and a seat on the plane.

18.   Defendant, FRONTIER AIRLINES, breached said duties owed to

plaintiff, and that as a direct and proximate result of defendant's breach of its duties, the

plaintiff was dropped and the injuries stated in this complaint resulted.

19.   As a direct and proximate result of the negligence of defendant,

FRONTIER AIRLINES, plaintiff suffered serious injuries, and may in the future suffer

and may permanently suffer mental anguish, pain and suffering, injuries, and limitations

(including aggravation of preexisting conditions, if).

a.   Pain, suffering, and mental anguish
b.   Loss of services
c.   Medical care
d.   Other damages, injuries, and consequences that are found to be related to
the automobile accident that develop during the course of discovery.

WHEREFORE, plaintiff asks the court to award damages against defendant,

FRONTIER AIRLINES, in whatever amount plaintiff is found to be entitled to in excess

3

of $25,000.00, plus interest, costs, and attorney fees.

DATED: July 26, 2012

_____
Michael R. Behan
Attorney for Plaintiff

## JURY DEMAND

NOW COMES plaintiff, by and through her attorneys, SCHRAM, BEHAN &

BEHAN, who hereby demands a trial by jury in this case.

DATED: July 26, 2012

_____
Michael R. Behan
Attorney for Plaintiff

**Drafted By:**
**Michael R. Behan (P45121)**
**SCHRAM, BEHAN & BEHAN**
*Attorneys for Plaintiff*
**4127 Okemos Road, Suite 3**
**Okemos, Michigan 48864**
**Phone: (517) 347-3500**

4

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>7th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | 1 2 - 9 8 6 5 7 -NI CASE NO.<br>JUDITH A. FULLERTON<br>P-20455 |
|---|---|---|

Court address
900 S. Saginaw Street, Flint, Michigan 48502

Court telephone no.
(810) 257-3272

| Plaintiffs name(s), address(es), and telephone no(s).<br>Judy Eisinger | v | Defendant's name(s), address(es), and telephone no(s).<br>Frontier Airlines |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Michael R. Behan (P45121)
Schram, Behan & Behan
4127 Okemos Road, Suite 3
Okemos, Michigan 48864
517-347-3500

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUL 2 6 2012 | This summons expires<br>OCT 27 2012 | Court clerk<br>_Julie M Schrum_ |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Keller, Texas | Defendant(s) residence (include city, township, or village)<br>Denver, Colorado |
|---|---|

| Place where action arose or business conducted<br>Genesee County, Michigan | |
|---|---|

07/26/2012
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE**

JUDY EISINGER

       Plaintiff,

v.

FRONTIER AIRLINES

       Defendant.

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

| | |
|---|---|
| SCHRAM, BEHAN & BEHAN<br>Michael R. Behan (P45121)<br>Attorneys for Plaintiff<br>Eastbrook Plaza<br>4127 Okemos Road, Suite 3<br>Okemos, MI 48864<br>(517) 347-3500 | ADLER MURPHY & McQUILLEN LLP<br>Steven L. Boldt<br>Brian T. Maye<br>Paula L. Wegman<br>Attorneys for Defendant<br>20 South Clark Street<br>Suite 2500<br>Chicago, IL 60603 |
| DEAN G. GREENBLATT, PLC<br>DEAN G. GREENBLATT (P54139)<br>Attorney for Defendant<br>4190 Telegraph Road<br>Suite 3500<br>Bloomfield Hills, MI 48302<br>(248) 644-7520 | Telephone: (312) 345-0700<br>Facsimile: (312) 345-0700 |



A TRUE COPY
Genesee County Clerk

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND RELIANCE UPON JURY DEMAND

    NOW COMES Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its

attorneys, DEAN G. GREENBLATT, PLC, states the following as its Answer and Affirmative

Defenses to Plaintiff's Complaint:

    1.    Plaintiff, Judith Eisinger, resides at 501 Bourland Road, Apartment 1303, Keller,

Texas.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

2.    Defendant, Frontier Airlines, has its principle offices at 7001 Tower Road, Denver, Colorado and transacts business in Genesee County, Michigan.

**ANSWER:**    Frontier admits only that its principal place of business is located at 7001 Tower Road, Denver, Colorado; that it operated a flight to Genesee County, Michigan on October 7, 2010; and denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    This incident occurred and jurisdiction exists in this court because of a negligence accident in Genesee County, Michigan.

**ANSWER:**    Paragraph 3 of Plaintiff's Complaint contains conclusions of law to which no response is required. In the event a response is deemed necessary, Frontier denies these allegations.

4.    The amount in controversy is within the jurisdiction of this court because plaintiff claims physical damages in excess of $25,000.

**ANSWER:**    Paragraph 4 of Plaintiff's Complaint contains conclusions of law to which no response is required. In the event a response is deemed necessary, Frontier denies these allegations.

### FACTUAL ALLEGATIONS

5.    At all times relevant to this case, Defendant, Frontier Airlines, was transacting business at Flint's Bishop Airport.

**ANSWER:** Frontier admits only that it operated a flight on October 7, 2010 to Flint's Bishop Airport and denies the remaining allegations set contained in Paragraph 5 of Plaintiff's Complaint.

6. Plaintiff bought ticket #4227917374471 to travel on the Defendant's airline on October 7, 2010.

**ANSWER:** Frontier admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Plaintiff suffers from a handicap and must travel by wheelchair.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

8. Defendant, Frontier Airlines, was aware of the handicap.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

9. The ticket Defendant, Frontier Airlines, sold to the Plaintiff specifically stated that Plaintiff was immobile.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies these allegations and demands strict proof thereof.

10. Defendant, Frontier Airlines, had not taken the precautions necessary for the safety of the Plaintiff.

**ANSWER:** Frontier denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     While attempting to transfer the Plaintiff between a wheelchair and a seat on the plane, Defendant's employees (one of whom was pregnant) negligently dropped the Plaintiff.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     As a direct and proximate result of the Defendant's conduct, Plaintiff sustained serious and what appear to be permanent injuries.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     The entire incident at issue, which occurred in Genesee County, Michigan, was preventable if the Defendant, Frontier Airlines, had utilized reasonable measures to protect for the safety of a handicapped person.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     As a direct and proximate cause of Defendant's actions, Plaintiff had been caused to suffer significant physical pain, injury, and discomfort.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     As a direct and proximate cause of Defendant's actions, Plaintiff has suffered from the serious impairment of body functions that has affected her general ability to lead a normal life.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT I
## <u>NEGLIGENCE CLAIM – AGAINST FRONTIER AIRLINES</u>

16.     Plaintiff incorporates by reference all allegations made in paragraphs 1 through 15 herein.

**ANSWER:**     Frontier hereby adopts and reincorporates its responses to Paragraphs 1 through 15 of its Answer to Plaintiff's Complaint, as though fully set forth herein.

17.     Defendant, Frontier Airlines, owed Plaintiff, Judy Eisinger, the following duties of care (among others):

    a.    To have its aircraft in such a condition to accommodate handicap persons such as Plaintiff;

    b.    Not to drop Plaintiff when attempting to transfer the Plaintiff between a wheelchair and a seat on the plane.

**ANSWER:**     Paragraph 17 of Plaintiff's Complaint, including subparts (a)-(b) therein, contain conclusions of law to which no response is required. In the event a response is deemed necessary, Frontier denies the allegations contained in Paragraph 17 of Count I of Plaintiff's Complaint, including subparts (a)-(b) therein.

18.     Defendant, Frontier Airlines, breached said duties owed to Plaintiff, and that as a direct and proximate result of Defendant's breach of its duties, the Plaintiff was dropped and the injuries stated in this complaint resulted.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     As a direct and proximate result of the negligence of Defendant, Frontier Airlines, Plaintiff suffered serious injuries, and may in the future suffer and may permanently suffer mental anguish, pain and suffering, injuries, and limitations (including aggravation of preexisting conditions, if any).

**ANSWER:**     Frontier denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., prays that Plaintiff take nothing by way of her Complaint and that judgment be entered in favor of Defendant and against the Plaintiff; and Defendant prays for its costs in defending this action, and for such further relief as this Court deems just and equitable.

## **GENERAL DENIAL**

Frontier denies all allegations of Plaintiff's Complaint that are not specifically admitted hereinabove.

## AFFIRMATIVE DEFENSES

In further response to the Plaintiff's Complaint, Defendant, FRONTIER AIRLINES, INC., hereby raises, asserts, and preserves the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The subject occurrence and any resulting damages were caused either wholly or in part by and through the acts or omissions of one or more third parties for whom or which Frontier is not responsible and over which or whom Frontier has no control, and any damages ultimately deemed recoverable by the Plaintiff against Frontier should be barred or reduced accordingly.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a cause of action upon which relief can be granted under the law of the jurisdiction applicable to the case.

### THIRD AFFIRMATIVE DEFENSE

The acts or omissions of a third party for which Frontier is not responsible and over which Frontier has no control are the sole proximate cause of the events described in the Plaintiff's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Frontier, other persons, parties or entities which may as yet be known or unknown, or which may be discovered, was or were contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in

part, for any damages which Plaintiff may prove in this matter. Therefore, any and all recovery against Frontier must be extinguished or diminished by an amount proportional to such other's or others' degree(s) of negligence, fault, or other legal responsibility, as required by the applicable states law of indemnity, contribution and apportionment statutes and other applicable law.

### FIFTH AFFIRMATIVE DEFENSE

Without admitting any liability on the part of Frontier, the plaintiff was contributorily negligent, comparatively at fault, or otherwise legally responsible in whole or in part, for any damages, which they may prove in this matter. Therefore, any and all recovery against Frontier must be extinguished or diminished by an amount proportional to the Plaintiff's degree of negligence, fault, or other legal responsibility, as required by the applicable states law of indemnity, contribution and apportionment statutes and other applicable law.

### SIXTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by Plaintiff were proximately caused by unforeseeable intervening and superseding causes for which Frontier is not responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Plaintiff has failed to join one or more indispensable parties, necessary for the proper adjudication of this matter.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by Federal law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's action may be governed, in whole or in part, by the laws of jurisdictions other than Michigan.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred because Plaintiff assumed the risks of which Plaintiff complains.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

### TWELFTH AFFIRMATIVE DEFENSE

Frontier relies upon all defenses, limitations and/or set offs provided under the Michigan Tort Reform Act, Public Act 178, 1986.

### THIRTEENTH AFFIRMATIVE DEFENSE

Because this action was filed after March 28, 1996; therefore, all provisions of Public Act 161 apply to Frontier together with all provisions of the Tort Reform that have taken effect. By way of illustration, but not limitation, Frontier cites MCL600.1629(1), 600.2957(3), 600.6304(3), 600.2960, 600.2947(6), 600.2955, 600.2946(2), 600.2947(5), 600.2946(a), 600.2955(a), 600.2947(4), 600.2945(j), 600.2948(2), 600.2947(1), 600.2945(a), 600.1621, 600.1627, 600.1629, 600.1641, 600.2946, 600.2948, 600.2956, 600.6304, 600.6312, 600.2958, 600.2959, 600.2947, 600.2949(a), 600.2957, 600.6306, and all other provisions that could in any way have any applicability to this matter.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred because Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Frontier are barred because Plaintiff has failed to mitigate her damages.

## RESERVATION OF FURTHER DEFENSES

Frontier reserves the right to supplement and amend its defenses in this action, including its affirmative defenses, as necessary in light of the facts, allegations, claims and changes or modifications in the law.

## JURY DEMAND

In the event that Plaintiff waives her demand for a trial by jury, the Defendant, FRONTIER AIRLINES, INC., hereby demands trial by jury.

Dated:  December 10, 2012

Respectfully submitted,

By: Dean G. Greenblatt, Esq.
DEAN G. GREENBLATT, PLC
4190 Telegraph Road
Bloomfield Hills, MI 48302
Telephone:    (248) 644-7520

Of Counsel:

Steven L. Boldt
Brian T. Maye
Paula L. Wegman
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone:    (312) 345-0700
Facsimile:    (312) 345-0700

**ATTORNEYS FOR DEFENDANT
FRONTIER AIRLINES, INC.**

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

       Plaintiff,

v.

FRONTIER AIRLINES

       Defendant.

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

_____/

SCHRAM, BEHAN & BEHAN
Michael R. Behan (P45121)
Attorneys for Plaintiff
Eastbrook Plaza
4127 Okemos Road, Suite 3
Okemos, MI 48864
(517) 347-3500

DEAN G. GREENBLATT, PLC
DEAN G. GREENBLATT (P54139)
Attorney for Defendant
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI 48302
(248) 644-7520

ADLER MURPHY & McQUILLEN LLP
Steven L. Boldt
Brian T. Maye
Paula L. Wegman
Attorneys for Defendant
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone:   (312) 345-0700
Facsimile:   (312) 345-0700

_____/

## CERTIFICATE OF SERVICE

COUNTY OF OAKLAND  )
                )SS
STATE OF MICHIGAN   )

Dean G. Greenblatt says that on December 10, 2012, he did serve a copy of:

1.   Plaintiff's Answer and Affirmative Defenses to Plaintiff's Complaint and Reliance Upon Jury Demand; and;
2.   Certificate of Service.

upon counsel of record by First Class Mail, postage prepaid.

       I hereby declare that the statement above is true to the best of my knowledge, information and belief.

Dated:  December 10, 2012

_____
Dean G. Greenblatt

| STATE OF MICHIGAN<br>7TH JUDICIAL CIRCUIT | NOTICE TO APPEAR | CASE NO.<br>12-098657-NI |
|---|---|---|

Court Address

GENESEE COUNTY
JUDGE JUDITH A. FULLERTON
900 S. SAGINAW ST
FLINT MI  48502

Court Telephone No.
810-257-3257

Mailing Date: 12/19/12

Mail To:

DEAN GREENBLATT
DEAN G. GREENBLATT PLC
4190 TELEGRAPH RD STE 3500
BLOOMFIELD HILLS MI  48302

**YOU ARE DIRECTED TO APPEAR AT:**

The court address above,
CIRCUIT COURTROOM 307 WEST

HON. JUDITH ANNE FULLERTON

| Plaintiff<br>JUDY EISINGER | V | Defendant<br>FRONTIER AIRLINES |
|---|---|---|

**FOR THE FOLLOWING PURPOSE:**

1. ON  - TUESDAY          DATE - JANUARY 15, 2013          TIME -  2:40PM
   FOR PRE-TRIAL HEARING
        TELEPHONE CONFERENCE---------- SEE ATTACHED INSTRUCTIONS

THIS NOTICE HAS ALSO BEEN SENT TO:
 MICHAEL R. BEHAN  P45121

FAILURE OF THE PLAINTIFF/DEFENDANT TO APPEAR may result in a dismissal of the
case or cause a default judgment to be entered.

## INSTRUCTIONS FOR TELEPHONE
## CONFERENCE CALL

1.  DO NOT APPEAR IN PERSON.

2.  PLAINTIFF'S COUNSEL IS TO INITIATE AND ARRANGE
    CONFERENCE CALL AND HAVE ALL COUNSEL OF RECORD
    PRESENT ON THE TELEPHONE.

3.  CONTACT YOUR LONG DISTANCE CARRIER IN ADVANCE.
    TO SET UP CALL OR USE:   CONFERENCE CALL U.S.A.
    1-800-654-0202, OR A.T.&T. CONFERENCE OPERATOR
    1-800-232-1234.

4.  IF PLAINTIFF'S COUNSEL FAILS TO INITIATE THE
    CONFERENCE CALL, DEFENSE COUNSEL IS TO TAKE
    RESPONSIBILITY HIM/HERSELF AND CONTACT THE
    COURT WITHOUT OPPOSING COUNSEL.

5.  FAILURE TO APPEAR BY TELEPHONE FOR THE PRETRIAL
    CONFERENCE COULD RESULT IN A DISMISSAL OF THE CASE.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

PLAINTIFF(S)          CASE NO. 12-98657-NI

v                                          JUDGE JUDITH A. FULLERTON

FRONTIER AIRLINES

DEFENDANT(S).

---

## PRETRIAL SUMMARY AND ORDER

As a result of the pretrial conference held in connection with the above-entitled cause, pursuant to direction of this Court and the provisions of MCR 2.401, the following matters were considered, agreed upon, or by the Court directed and ordered.

1.   PLEADINGS AND PARTIES:

     In order.

2.   WITNESS AND EXHIBIT LISTS:

     Final amended witness/or updated witness and exhibit lists are to be filed on or before April 1, 2013.

3.   DISCOVERY:

     Any IME must be completed prior to discovery cutoff.
     Cut off date:  July 15, 2013.

4.   MOTIONS:

     MOTIONS, INCLUDING DISPOSITIVE MOTIONS, ARE TO BE HEARD NO LATER THAN:

     A.   Cut off date:  August 19, 2013.  Motions are heard before Judge Fullerton on Mondays at 10:30 a.m.
     •    As required by MCR 2.119(A)(2), a JUDGE'S COPY of all Motions, Briefs and Responses **must** be provided to the Judge's Office.

B.   Motions in Limine must be heard no later than the Monday prior to the trial.

5.   CASE EVALUATION:

Case evaluation will be scheduled in the month of September, 2013 (tort).

Once a case evaluation date is scheduled, it may only be adjourned by motion and for good cause shown [MCR 2.503(B)]. Failure to follow this order will result in sanctions being imposed.

6.   ARBITRATION/FACILITATION/MEDIATION (ADR):

At this time arbitration/facilitation/mediation (ADR) has not been requested. A request will be favorably considered so long as it does not interfere with the scheduled trial date.

7.   JURY TRIAL SCHEDULE:

Jury trial is scheduled for December 3, 2013, at 8:15 a.m.

Proposed Voir Dire, Verdict Form, Jury Instructions, Trial Brief and Theory are to be submitted to the Court at least two days before trial. (JUDGE'S COPY REQUIRED)

A final list of trial witnesses, i.e., those who will be called at trial, whether in person or by deposition, must be filed and a JUDGE'S COPY given to the Court at least two days prior to trial.

TRIAL PROCEEDINGS:

1.   Court will convene at 8:15 a.m.
2.   Ten minute recess in the a.m.
3.   Lunch recess at or about 1 p.m.
4.   Court will reconvene at or about 2 p.m.
5.   Ten minute recess in the p.m.
6.   Court will recess at or about 5 p.m.

**THESE DATES MAY NOT BE ADJOURNED BY STIPULATION. A MOTION MUST BE FILED.**

Dated:   January 16, 2013

_____
Judith A. Fullerton
Circuit Judge

cc:   Counsel of record

| STATE OF MICHIGAN<br>7TH JUDICIAL CIRCUIT | NOTICE TO APPEAR | CASE NO.<br><br>12-098657-NI |
|---|---|---|

Court Address    GENESEE COUNTY
JUDGE JUDITH A. FULLERTON
900 S. SAGINAW ST
FLINT MI  48502

Court Telephone No.
810-257-3257

Mailing Date: 1/17/13

Mail To:

  DEAN GREENBLATT
  DEAN G. GREENBLATT PLC
  4190 TELEGRAPH RD
  STE 3500
  BLOOMFIELD HILLS MI  48302

**YOU ARE DIRECTED TO APPEAR AT:**

The court address above,
CIRCUIT COURTROOM 307 WEST

HON. JUDITH ANNE FULLERTON

| Plaintiff<br><br>JUDY EISINGER | V | Defendant<br><br>FRONTIER AIRLINES |
|---|---|---|

**FOR THE FOLLOWING PURPOSE:**

1. ON  - TUESDAY      DATE - DECEMBER  3, 2013      TIME -  8:15AM
   FOR JURY TRIAL
     SEE ATTACHED PRETRIAL ORDER

THIS NOTICE HAS ALSO BEEN SENT TO:
 MICHAEL R. BEHAN  P45121

FAILURE OF THE PLAINTIFF/DEFENDANT TO APPEAR may result in a dismissal of the
case or cause a default judgment to be entered.

**STATE OF MICHIGAN**
**7TH CIRCUIT COURT**
**GENESEE COUNTY**

JUDY EISINGER

     Plaintiff,

v.

FRONTIER AIRLINES,

     Defendant.

DOCKET NO. 2012-98657-NI

Hon. Judith A. Fullerton

                                                  /

| | |
|---|---|
| SCHRAMM, BEHAN & BEHAN | DEAN G. GREENBLATT, PLC |
| Michael R. Behan (P45121) | Dean G. Greenblatt (P54139) |
| Attorneys for Plaintiff | Attorney for Defendant |
| Eastbrook Plaza | 4190 Telegraph Road |
| 4127 Okemos Road | Suite 3500 |
| Suite 3 | Bloomfield Hills, Michigan 48302 |
| Okemos, MI 48864 | (248) 644-7520 |
| (517) 347-3500 | |

                                                  /

## MOTION FOR ADMISSION *PRO HAC VICE*

     NOW COMES Dean G. Greenblatt, an attorney at DEAN G. GREENBLATT, PLC, counsel of record for Frontier Airlines, Inc., pursuant to MCR 8.126, and hereby moves that Steven L. Boldt, Esq. be granted *pro hac vice* permission to participate in the above-captioned case as counsel for Frontier Airlines, Inc. In support of this Motion, the movant states as follows:

     1.    Steven L. Boldt is an out-of-state attorney in the law firm of Adler Murphy & McQuillen LLP, whose offices are located at 20 S. Clark Street, Suite 2500, Chicago, Illinois 60603.

2.     Mr. Boldt is duly licensed and admitted to practice law in the State of Illinois (2010) and is an active member in good standing of the Illinois State Bar (No. 6302430). (*See* Ex. A, Certificate of Admission To the Bar of Illinois.)

3.     The requisite *Pro Hac Vice* fee has been paid in compliance with MCR 8.126(A)(1)(d). (*See* Ex. B, Acknowledgement of Receipt, SBM letter.)

4.     I, Dean G. Greenblatt, am an active member, in good standing, of the State Bar of Michigan (No. P54139).

5.     I do hereby attest that I have read the affidavit of Steven L. Boldt, made a reasonable inquiry concerning the averments made therein, and verily believe his representations to be true. (*See* Ex. C, Aff. of Steven L. Boldt.)

6.     I hereby agree to ensure that the procedures of Michigan Court Rule 8.126 are followed and respectively request that Steven L. Boldt be admitted in the above-captioned case, *Eisinger v. Frontier Airlines*, Case No. Case No. 12-98657-NI, pending before the Honorable Judith A. Fullerton in the Circuit Court of Genesee County, State of Michigan.

Dated:  January 28, 2013

Respectfully submitted,

By: Dean G. Greenblatt, Esq.
DEAN G. GREENBLATT, PLC
4190 Telegraph Road
Bloomfield Hills, MI 48302
Telephone:     (248) 644-7520

Steven L. Boldt (*pro hac vice* pending)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone:     (312) 345-0700
Facsimile:     (312) 345-0700
**ATTORNEYS FOR DEFENDANT**

2

LAW OFFICES • DEAN D. GREENBLATT • 4190 TELEGRAPH ROAD • SUITE 3500 • BLOOMFIELD HILLS, MICHIGAN 48302• PHONE (248) 644-7520

# EXHIBIT A

3

# Certificate of Admission
# To the Bar of Illinois

I, Carolyn Taft Grosboll, Clerk of the Supreme Court of Illinois, do hereby certify that

Steven Lee Boldt

has been duly licensed and admitted to practice as an Attorney and Counselor of Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on November 4, 2010 and is in good standing, so far as the records of this office disclose.

In Witness Whereof, I have hereunto
placed my hand and affixed the seal
of said Supreme Court, at Springfield,
in said State, this Monday, January 07, 2013.

*Carolyn Taft Grosboll*

Clerk

LAW OFFICES • DEAN G. GREENBLATT • 4190 TELEGRAPH ROAD • SUITE 3500 • BLOOMFIELD HILLS, MICHIGAN 48302• PHONE (248) 644-7520

# EXHIBIT B

4



**SBM** STATE BAR OF MICHIGAN

January 28, 2013

Steven Lee Boldt
C/O Adler Murphy & McQuillen LLP
20 S Clark St Ste 2500
Chicago, IL 60603-1804

Re: Acknowledgement of Receipt of Pro Hac Vice Fee

Dear Steven Lee Boldt,

The State Bar of Michigan acknowledges receipt of check #2032 dated 1/24/13 in the amount
of $125 for the required fee to seek temporary admission to the State Bar of Michigan as provided
under MCR 8.126. This fee is non-refundable.

**Please be aware that a copy of this acknowledgement letter must be attached to your
affidavit in support of your motion seeking admission to the State Bar of Michigan as
provided under MCR 8.126.**

The State Bar of Michigan does not need to receive a copy of the Court's Order.

Sincerely,

Carol Peterson

Carol Peterson
Finance Specialist

LAW OFFICES • DEAN G. GREENBLATT • 4190 TELEGRAPH ROAD • SUITE 3500 • BLOOMFIELD HILLS, MICHIGAN 48302• PHONE (248) 644-7520

# EXHIBIT C

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

       Plaintiff,                     Case No. 12-98657-NI

v.                                 Hon. Judith A. Fullerton
                                 P-20455

FRONTIER AIRLINES

       Defendant.

_____/

SCHRAM, BEHAN & BEHAN
Michael R. Behan (P45121)
Attorneys for Plaintiff
Eastbrook Plaza
4127 Okemos Road, Suite 3
Okemos, MI 48864
(517) 347-3500

DEAN G. GREENBLATT, PLC
Dean G. Greenblatt (P54139)
Attorney for Defendant
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI 48302
(248) 644-7520

_____/

### AFFIDAVIT OF STEVEN L. BOLDT
### IN SUPPORT OF MOTION PRO HAC VICE

NOW COMES Affiant, Steven L. Boldt, pursuant to MCR 8.126, and respectfully

requests that the Circuit Court for the County of Genesee, State of Michigan, permit him

to appear as counsel for Defendant Frontier Airlines, Inc. in the above-captioned case.

After being duly sworn under oath, Affiant deposes and states as follows:

     1.     I, Steven L. Boldt, am over the age of 18 and have personal knowledge of

the facts contained in this affidavit.

2.     I am an attorney at the law firm of Adler Murphy & McQuillen LLP, located at 20 S. Clark Street, Suite 2500, Chicago, Illinois 60603.

3.     I was admitted to the Illinois State Bar in 2010 (No. 6302430) and am an active member in good standing with the same.

4.     I have not sought *pro hac vice* admission in the state of Michigan within the last 365 days.

5.     I have not been denied admission in any jurisdiction and have not been subject to any formal disciplinary authority or unauthorized practice of law commission in any jurisdiction.

6.     I have reviewed the Michigan Rules of Professional Conduct, Michigan Court Rules, and the Michigan Rules of Evidence.

7.     I hereby verify that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

Steven L. Boldt

## PROOF OF SERVICE

COUNTY OF OAKLAND )
                            )SS
STATE OF MICHIGAN )

      Dean G. Greenblatt says that on January 28, 2013, he did serve a copy of:

    *1.*  *MOTION FOR ADMISSION PRO HAC VICE;* and,
    *2.*  *Proof of Service.*

upon counsel of record via first class mail.

      I hereby declare that the statement above is true to the best of my knowledge, information and belief.

**Dean G. Greenblatt, PLC**

Dated: January 28, 2013

By: DEAN G. GREENBLATT
(P54139)
Attorney for Plaintiff
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI 48302
(248) 644-7520

STATE OF MICHIGAN
7TH CIRCUIT COURT
GENESEE COUNTY

JUDY EISINGER

    Plaintiff,

v.

FRONTIER AIRLINES,

    Defendant.

DOCKET NO. 2012-98657-NI

Hon. Judith A. Fullerton

---

SCHRAMM, BEHAN & BEHAN
Michael R. Behan (P45121)
Attorneys for Plaintiff
Eastbrook Plaza
4127 Okemos Road
Suite 3
Okemos, Michigan 48864
(517) 347-3500

DEAN G. GREENBLATT, PLC
Dean G. Greenblatt (P54139)
Attorney for Defendant
4190 Telegraph Road
Suite 3500
Bloomfield Hills, Michigan 48302
(248) 644-7520

ADLER MURPHY & McQUILLEN LLP
Steven L. Boldt (pro hac vice)
Attorneys for Defendant
20 S. Clark Street
Suite 2500
Chicago, Illinois 60603-1804
(312) 345-0700

*A TRUE COPY*
*Genesee County Clerk*

---

ORDER

A motion for admission *pro hac vice* having been filed by Defendant and its counsel, the

requirements of MCR 8.126 having been complied with, and the court being otherwise advised

in the premises thereof:

IT IS HEREBY ORDERED that Steven L. Boldt is permitted to appear and practice *pro hac vice*

in the pending matter.

JUDITH A.FULLERTON
P-20455

Dated: 2/8 , 2013

_____
Circuit Court Judge

*I STIPULATE TO THE ENTRY OF THE ABOVE ORDER; NOTICE AND
HEARING ON ENTRY OF THIS ORDER IS WAIVED.*

0-15-2015

_____
DEAN G. GREENBLATT
P54139

_____
MICHAEL R. BEHAN
Michael R. Behan
P 45121

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

      Plaintiff,

v.

FRONTIER AIRLINES

      Defendant.

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

_____/

SCHRAM, BEHAN & BEHAN
Michael R. Behan (P45121)
Attorneys for Plaintiff
Eastbrook Plaza
4127 Okemos Road, Suite 3
Okemos, MI 48864
(517) 347-3500

DEAN G. GREENBLATT, PLC
Dean G. Greenblatt (P54138)
Attorneys for Defendant
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI 48302
(248) 644-7520

ADLER MURPHY & McQUILLEN LLP
Steven L. Boldt (*admitted pro hac vice*)
Attorneys for Defendant
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-0700

_____/

## CERTIFICATE OF SERVICE

    The undersigned, having been duly sworn, certifies that the foregoing: (1) First Requests for Admission to Plaintiff, (2) First Set of Requests for Production of Documents and Other Things to Plaintiff, (3) First Set of Interrogatories to Plaintiff, and (4) Certificate of Service, were served upon the parties to whom directed by placing true and correct copies of the same in an envelope properly addressed and depositing the same in the U.S. Mail at 20 South Clark St., Chicago, Illinois, proper postage prepaid, before the hour of 5:00 p.m. on February 21, 2013.

By: Steven L. Boldt

Subscribed and sworn to before me this
21st day of February, 2013.

Notary Public

OFFICIAL SEAL
RITA M SIWINSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/23/15

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

     Plaintiff,

v.

FRONTIER AIRLINES

     Defendant.

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

_____/

SCHRAM, BEHAN & BEHAN
Michael R. Behan (P45121)
Attorneys for Plaintiff
Eastbrook Plaza
4127 Okemos Road, Suite 3
Okemos, MI  48864
(517) 347-3500

ADLER MURPHY & McQUILLEN LLP
Steven L. Boldt (*admitted pro hac vice*)
Attorneys for Defendant
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone:    (312) 345-0700
Facsimile:    (312) 345-0700

DEAN G. GREENBLATT, PLC
DEAN G. GREENBLATT (P54139)
Attorney for Defendant
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI  48302
(248) 644-7520

_____/

## DEFENDANT FRONTIER AIRLINES, INC.'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF JUDY EISINGER, DATED FEBRUARY 21, 2013

NOW COMES Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through counsel, and pursuant to MCR 2.312, requests that Plaintiff JUDY EISINGER make the following admissions of fact within twenty-eight (28) days of service. These Requests for Admission shall be deemed continuing. Supplemental responses shall be provided immediately in the event that Plaintiff obtains, either directly or indirectly, any information inconsistent with a previously given response.

1

## REQUESTS FOR ADMISSION

1.  Admit that the amount in controversy exceeds $75,000, exclusive of interests and costs.

    **RESPONSE:**

2.  Admit that the damages actually sought by you for the injuries alleged in your Complaint at Law exceed $75,000, exclusive of interests and costs.

    **RESPONSE:**

Dated: February 21, 2013

Respectfully submitted,

By: Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone:   (312) 345-0700
Facsimile:   (312) 345-0700

Dean G. Greenblatt, Esq.
DEAN G. GREENBLATT, PLC
4190 Telegraph Road
Bloomfield Hills, MI 48302
Telephone:   (248) 644-7520

**ATTORNEYS FOR DEFENDANT**
**FRONTIER AIRLINES, INC.**