**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUDY EISINGER,

      Plaintiff,

                                      Case No. 5:13-cv-11475

vs.

                                      Hon. John Corbett O'Meara

FRONTIER AIRLINES, INC.

      Defendant.

---

| | |
|---|---|
| Michael R. Behan (P45121)<br>Schram, Behan & Behan<br>Attorneys for Plaintiff<br>4127 Okemos Rd., Suite 3<br>Okemos, MI 48864<br>(517) 347-3500<br>behanm@tds.net | Brian T. Maye<br>Steven L. Boldt<br>Adler, Murphy & McQuillen LLP<br>Attorneys for Defendant<br>20 S. Clark Street<br>Chicago, Illinois<br>(312) 345-0700<br>sboldt@amm-law.com<br>bmaye@amm-law.com<br><br>Dean G. Greanblatt (P54139)<br>Dean G. Greenblatt, PLC<br>Attorneys for Defendant<br>4190 Telegraph Road<br>Suite 3500<br>Bloomfield Hills, Michigan 48302<br>(248) 644-7520<br>dgg@mnsi.net |

---

## JOINT STATUS REPORT AND RULE 26(f) PLAN FOR DISCOVERY

A Rule 16 Scheduling Conference is scheduled for **June 5, 2013, at 9:30 a.m.**, before the Honorable John Corbett O'Meara. This Rule 26(f) plan for discovery is respectfully submitted in lieu of appearing in person and/or telephonically. Lead Counsel for the parties (and the attorneys who prepared this joint plan) are:

**Michael R. Behan, Attorney for Plaintiff**

**Steven L. Boldt, Brian T. Maye and Dean G. Greenblatt, Attorneys for Defendant**

1. **Jurisdiction:**

   The basis for this Court's jurisdiction is diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

2. **Jury or non-Jury:**

   This case is to be tried before a jury.

3. **Statement of the Case:**

   *Plaintiff's Statement of the Case*:

   Plaintiff bought ticket #4227917374471 to travel on the Defendant's airline on October 7, 2010. Plaintiff suffers from a handicap and must travel by wheelchair. Defendant was aware of the handicap. The ticket Defendant sold to Plaintiff specifically stated that Plaintiff was immobile. Defendant had not taken the precautions necessary for the safety of the Plaintiff. While attempting to transfer Plaintiff between a wheelchair and a seat on the plane, Defendant's employees (one of whom was pregnant) negligently dropped Plaintiff. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained serious and what appear to be permanent injuries. The entire incident at issue, which occurred in Genesee County, Michigan, was preventable if the Defendant had utilized reasonable measures to protect for the safety of a handicapped person. As a direct and proximate cause of the Defendant's actions, Plaintiff has been caused to suffer significant physical pain, injury, and discomfort. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered from the serious impairment of body functions that has affected her general ability to lead a normal life.

*Defendant's Statement of the Case:*

Defendant Frontier Airlines, Inc. denies any and all allegations that it was negligent and/or a cause of Plaintiff's alleged injuries. Defendant specifically disputes that Plaintiff Judy Eisinger was dropped and/or that any injuries resulted from Frontier's alleged involvement with Plaintiff's aisle chair transfer on October 7, 2010. Defendant further asserts, among other defenses, that certain claims made by Plaintiff are preempted under federal law, including, but not limited to, certain provisions of the Federal Aviation Act and its accompanying amendments.

4. **Pendent State Claims**:

This case does not include pendent state claims. The case was originally filed in state court and removed to federal court by the Defendant.

5. **Joinder of Parties and Amendment of Pleadings**:

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by: **August 25, 2013**

6. **Disclosures and Exchanges**:

Fed.R.Civ.P. 26(a)(l) requires initial disclosures, including identification of lay witnesses, unless the court orders otherwise. Any party objecting to Rule 26(a)(l) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties.

(i) The parties propose that each shall serve the other with Initial Disclosures pursuant to Fed.R.Civ.P.26(a)( 1) by **July 25, 2013.**

(ii) The Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es)

by **August 25, 2013.**

Defendant expects to be able to furnish the names of Defendant's expert witness(es) by **November 25, 2013.**

(iii) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

**Plaintiff by:**     **October 25, 2013**
**Defendant by:**   **January 25, 2014**

(iv) The parties have agreed to make available the following documents without the need of a formal request for production:

From <u>Plaintiff to Defendant</u> by **July 25, 2013:**

**All medical files pertaining to Plaintiff of which she has copies.**

From <u>Defendant to Plaintiff</u> by **July 25, 2013:**

**Any incident report.**

7. <u>**Discovery**</u>:

The parties believe that all discovery can be completed by: **March 1, 2014**.

The parties recommend the following discovery plan:

<u>**Plaintiff**</u>:    **Plaintiff intends to take depositions of certain employees of Defendant.**

<u>**Defendant**</u>:    **Defendant anticipates taking the following depositions: Plaintiff, persons having knowledge of Plaintiff's alleged damages, and those of Plaintiff's treating physicians and/or other experts. Defendant may request an independent medical examination of Plaintiff.**

**The parties are agreeable to the limitation on interrogatories as stated in Federal Rule 33, and the presumptive limitations on depositions.**

8. <u>**Disclosure or Discovery of Electronically Stored Information**</u>:

The parties are unaware of any issues related to electronically stored information (ESI) at this time but have discussed the production of electronically stored information and

4

suggest that such information be handled as follows:

The parties agree to inform their clients that any electronically stored information relating to this litigation must be preserved, and that they will get confirmation from their clients that steps will be taken to preserve the ESI.

9. **Assertion of Claims of Privilege or Work-Product Immunity After Production:**

    *Privilege logs.* The parties have agreed that a privilege log will be provided for any documents withheld on the basis of privilege. The privilege log will identify each document as follows: Author; Recipient; Date; Description; Reason Not Produced.

    With respect to inadvertently disclosed documents covered by the work product immunity, upon notice of such, counsel will stop and/or not review the identified document(s); will gather and sequester the documents by placing them in a sealed envelope; and, then counsel will confer with each other regarding the situation and try to reach agreement with respect to return of the documents. Counsel will also create a chain of custody log for each document showing the date the document was received/reviewed; by whom; what was done with the document; and the process for gathering and sequestering the document(s).

    *Protective Order.* The parties anticipate moving this Court for entry of a confidentiality order and stipulated protective order. Depending on Plaintiff's discovery requests, Defendant may assert that some relevant information may be classified as Sensitive Security Information ("SSI"), which Defendant may be prohibited from disclosing for national security concerns pursuant to 49 U.S.C. section 114(s)(1)(c) and 49 C.F.R. 1520.1 et seq.

10. **Motions**:

    The following dispositive motions are contemplated by each party:

    **Plaintiff:**    None anticipated.

    **Defendant:**    **Defendant anticipates filing a motion for summary judgment.**

    The parties agree that all dispositive motions can be filed by: **May 1, 2014.**

11. **Alternative Dispute Resolution**: In accordance with Local Rule 16.3 and in the interest of conserving judicial resources, the parties stipulate that this case be submitted to mediation in accordance with Michigan Court Rules by **April 1, 2014**, as so stipulated in Exhibit A attached hereto.  If mediation is unsuccessful, the parties plan to file a Joint Final Pretrial Order by **June 1, 2014**, with the anticipation that trial will be set for **August 2014**.

12. **Length of Trial**: Counsel estimates that a trial in this cause will last approximately five (7) days total, allocated as follows:

    2 days for Plaintiff's case;

    5 days for Defendant's case.

13. **Prospects of Settlement**:

    Settlement discussions have occurred, and the parties will continue to explore resolution.

14. **Electronic Document Filing System**:

    Both parties will be using the Court's electronic filing system.

15. **Other**:

    At this time, there appear to be no special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Respectfully submitted,

Dated: May 31, 2013  By: ____/s/__Michael R. Behan_____
Michael R. Behan (P45121)
Schram, Behan & Behan
Attorneys for Plaintiff
4127 Okemos Rd., Suite 3
Okemos, MI 48864
(517) 347-3500
behanm@tds.net
*Attorneys for Plaintiff Judy Eisinger*

Dated: May 31, 2013  By: ____/s/__Steven L. Boldt_____
Steven L. Boldt (IL 6302430)
Brian T. Maye (IL 6288778)
Adler, Murphy & McQuillen LLP
Attorneys for Defendant
20 S. Clark Street
Chicago, Illinois 60603
(312) 345-0700
sboldt@amm-law.com
bmaye@amm-law.com

Dean G. Greanblatt (P54139)
Dean G. Greenblatt, PLC
4190 Telegraph Road
Suite 3500
Bloomfield Hills, Michigan 48302
(248) 644-7520
dgg@mnsi.net
*Attorneys for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, I served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Eastern District of Michigan, Southern Division, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

_____/s/__Steven L. Boldt_____
Steven L. Boldt (IL 6302430)

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY EISINGER,

       Plaintiff,

                                      Case No. 5:13-cv-11475

vs.

                                      Hon. John Corbett O'Meara

FRONTIER AIRLINES, INC.

       Defendant.

---

### CONSENT TO PARTICIPATE IN MEDIATION

       In accordance with the provision of **Rule 16.3** of the Local Rules of the United States District Court for the Eastern District of Michigan, the parties in this case hereby voluntarily consent to participate in case evaluation and agree that all portions of **Rule 16.3** of the Local Rules of the United States District Court for the Eastern District of Michigan shall apply to this mediation.

       The parties further agree to be bound by the provisions of the case evaluation rule contained in Michigan Court **Rule 2.403** including the provisions allowing for imposition of costs and attorneys' fees as sanctions.

| SIGNATURE OF ATTORNEY: | DATE SIGNED: |
|---|---|
| /s/  Michael R. Behan<br>Michael R. Behan (P45121)<br>Schram, Behan & Behan<br>*Attorneys for Plaintiff* | May 31, 2013 |
| /s/  Dean G. Greenblatt<br>Dean G. Greanblatt (P54139)<br>Dean G. Greenblatt, PLC<br>*Attorneys for Defendant* | May 31, 2013 |
| /s/  Steven L. Boldt<br>Steven L. Boldt (IL 6302430)<br>Adler Murphy & McQuillen LLP<br>*Attorneys for Defendant* | May 31, 2013 |

**EXHIBIT A**