UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY EISINGER,

        Plaintiff,                        Case No. 5:13-cv-11475

vs.                                        Hon. John Corbett O'Meara

FRONTIER AIRLINES, INC.         Magistrate Judge Michael J. Hluchaniuk

        Defendant.

### DEFENDANT FRONTIER AIRLINES, INC.'S EMERGENCY MOTION
### TO COMPEL AND EXTEND TIME TO DISCLOSE DEFENDANT'S EXPERTS

    Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Adler Murphy & McQuillen LLP and Dean G. Greenblatt, PLC, and pursuant to Federal Rules of Civil Procedure 26(a)(1), 37(c) and 16(b), moves this Court for an order dismissing Plaintiff's complaint or prohibiting Plaintiff from introducing any evidence regarding her medical condition for failing to respond to any discovery in this case, or in the alternative, compelling Plaintiff's full and complete responses to Frontier's discovery requests and supplementation of her Rule 26(a)(1) initial disclosures within seven (7) days after entry of an order granting Frontier's present motion. Due to not receiving any discovery responses from Plaintiff, and therefore being without any information pertaining to the vague liability and unknown damages at issue in this case, Frontier also requests that the Court modify the present scheduling order by striking Frontier's deadlines to disclose its experts and submit its experts' reports, and reset such deadlines at a time after which Plaintiff has complied with all discovery and has presented for deposition.

    On November 15, 2013, counsel for Frontier contacted counsel for Plaintiff and requested concurrence in the relief sought in this motion, explaining the nature of the motion and its legal

1

basis for the same. Concurrence was reached with regard to extending Frontier's expert deadlines, supplementing Plaintiff's Rule 26(a)(1) disclosures and compelling Plaintiff's responses to discovery by December 1, 2013, but denied with respect to the remaining relief requested in Frontier's motion. In further support of this motion, Frontier relies upon the following brief in support.

Dated: November 15, 2013

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By:   /s/ Steven L. Boldt
      One of Its Attorneys

Dean G. Greenblatt (P54139)
DEAN G. GREENBLATT, PLC
4190 Telegraph Road, Suite 3500
Bloomfield Hills, MI 48302
Phone: (248) 644-7520
dgg@mnsi.net

-and-

Steven L. Boldt (IL 6302430)
Brian T. Maye (IL 6288778)
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Fax No.: (312) 345-9860
sboldt@amm-law.com
bmaye@amm-law.com

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDY EISINGER,

        Plaintiff,                              Case No. 5:13-cv-11475

vs.                                            Hon. John Corbett O'Meara

FRONTIER AIRLINES, INC.          Magistrate Judge Michael J. Hluchaniuk

        Defendant.

**BRIEF IN SUPPORT OF EMERGENCY MOTION TO COMPEL
AND EXTEND TIME TO DISCLOSE DEFENDANT'S EXPERTS**

# ISSUES PRESENTED

1. Whether Plaintiff's Rule 26(a)(1) disclosures are deficient and should be stricken or otherwise require supplementation?

   **Frontier responds, "Yes."**

   **Plaintiff agrees with an order to supplement her Rule 26(a)(1) disclosures by December 1, 2013, but disagrees with the remaining relief sought by Frontier.**

2. Whether the Court may issue an order dismissing the case or otherwise compelling Plaintiff to respond to Frontier's discovery requests?

   **Frontier responds, "Yes."**

   **Plaintiff agrees with an order compelling discovery responses by December 1, 2013, but disagrees with the remaining relief sought by Frontier.**

3. Whether Frontier may obtain extensions of time to disclose its experts and submit expert reports in light of Plaintiff's failure to respond to any discovery?

   **Frontier responds, "Yes."**

   **Plaintiff responds, "Yes."**

# **CONTROLLING AUTHORITY**

*Aslani v. Sparrow Health Systems*, 2010 U.S. Dist. LEXIS 53266 (W.D. Mich. May 28, 2010).

*Blood v. City of Bay City*, 2013 U.S. Dist. LEXIS 11344 (E.D. Mich. Jan. 29, 2013).

*Multimatic, Inc. v. Faurecia Interior Sys. USA*, 2007 U.S. Dist. LEXIS 12896 (E.D. Mich. Feb. 26, 2007), *aff'd* 2009 U.S. App. LEXIS 28156 (6th Cir. 2009).

*Knight v. St. Jude Medical*, 2012 U.S. Dist. LEXIS 166792 (W.D. Mich. Sept. 7, 2012).

FED. R. CIV. P. 16

FED. R. CIV. P. 26

FED. R. CIV. P. 33

FED. R. CIV. P. 34

FED. R. CIV. P. 37

**STATEMENT OF FACTS**

1. This case is a negligence action arising out of personal injuries Plaintiff Judy Eisinger ("Plaintiff") claims to have sustained on October 7, 2010 while in the process of deplaning a Frontier Airlines flight at Bishop International Airport, Flint, Michigan. (Ex. A, Compl., ¶¶1-15.)

2. Plaintiff filed this action in the Circuit Court for the County of Genesee, State of Michigan, Case No. 12-98657-NI, on or about July 26, 2012 against Defendant Frontier Airlines, Inc. ("Frontier") (Ex. A, Compl.)

3. While the case was pending in the Circuit Court for the County of Genesee, Frontier issued the following discovery requests to Plaintiff on February 21, 2013, which were left unanswered prior to removal: (1) Defendant's First Set of Interrogatories to Plaintiff; and (2) Defendant's First Set of Requests for Production to Plaintiff. (Ex. B, State Court Discovery).

4. On April 1, 2013, Frontier removed the case to the United States District Court for the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (Dkt. #1).

5. Notwithstanding Plaintiff's failure to answer Frontier's discovery issued in state court, on August 7, 2013 Frontier re-issued substantially the same discovery requests as those previously issued on February 21, 2013; responses for which were due on September 7, 2013. (Ex. C, Federal Court Discovery).

6. On August 8, 2013, Plaintiff propounded its Rule 26(a)(1) initial disclosures on Frontier. These disclosures provide the names of Plaintiff, certain family members and friends, someone affiliated with the U.S. Department of Transportation, and a handful of medical professionals. However, the only substantive disclosures concerning the medical professionals

states, in its entirety: "Likely testimony will be with respect to plaintiff's injuries." No explanation of what injury Plaintiff claims to have suffered, any computation of damages claimed by Plaintiff, or any itemization of the same appears in the disclosures other than "Plaintiffs damages are primarily pain and suffering." (Ex. D, Plaintiff's Disclosures).

7. Plaintiff's deadline to serve her expert witness reports expired on October 25, 2013, yet Plaintiff did not serve any such reports prior to the deadline. (Dkt. #7).

8. Despite having multiple discussions and correspondence with Plaintiff's counsel regarding Plaintiff's anticipated responses, Frontier has received no responses to any of its discovery requests to date. (Group Ex. E, Correspondence Between Counsel). Although unconfirmed by any documentation, it has been represented that Plaintiff has been either attending to other family matters unrelated to the present case or hospitalized for unknown illness(es) unrelated to the injuries alleged in the present litigation, and there has been a breakdown in communication between Plaintiff and her attorney. (Group Ex. E, Correspondence Between Counsel).

9. The emergent nature of this motion is based upon Frontier's impending deadline to disclose expert witnesses on November 25, 2013, despite not having received any discovery responses from Plaintiff relating to the vague liability and unknown damages at issue in this case. (Dkt. #7).

**ARGUMENT**

I. **AN ORDER COMPELLING PLAINTIFF TO PROVIDE COMPLETE RESPONSES TO FRONTIER'S DISCOVERY REQUESTS IS PROPER BECAUSE PLAINTIFF HAS FAILED TO RESPOND TO ANY OF DEFENDANT'S DISCOVERY REQUESTS THROUGHOUT THE COURSE OF THIS LITIGATION.**

Federal Rules of Civil Procedure 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. FED. R. CIV. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A). "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'" *Baker v. County of Missaukee*, 2013 U.S. Dist. LEXIS 154072, at \*50 (W.D. Mich. Oct. 28, 2013); *see, e.g.*, *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 337 (6th Cir. 2006) ("Any objections plaintiffs had to interrogatories [or requests for production] propounded by defendants were waived where plaintiffs' responses thereto were untimely, and plaintiffs did not, at any time prior to the deadline for responding, file a motion for a protective order or seek an extension of time in which to respond.").

A party may file a motion to compel discovery under Federal Rule 37 where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. FED. R. CIV. P. 37(a)(2)-(3). Specifically, Federal Rule 37(b)(2)(A) provides a non-inclusive list of sanctions the Court may impose against a party who fails to obey a discovery order, which include:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv)  staying further proceedings until the order is obeyed;

3

  (v)  dismissing the action or proceeding in whole or in part;
  (vi)  rendering a default judgment against the disobedient party; or
  (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A); *accord Beydoun Foods, Inc. v. 7-Eleven, Inc.*, 2013 U.S. Dist. LEXIS 144632, at *6-7 (E.D. Mich. Sept. 11, 2013). Accordingly, "[i]f a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust." *Ford Motor Co. v. Mich. Consol. Gas Co.*, 2013 U.S. Dist. LEXIS 138693, at *10 (E.D. Mich. Sept. 27, 2013) (citing FED. R. CIV. P. 37(a)(5)(A)).

  Although counsel for Frontier has attempted in good faith to accommodate Plaintiff's unconfirmed family issues and/or alleged illness, Frontier's discovery requests remain unanswered, notwithstanding the fact that Plaintiff has had these same discovery requests in her possession for nearly 9 months. Respectfully, it is Plaintiff's burden to diligently prosecute her claims within the confines of the Court's scheduling order. To date, however, Plaintiff has failed to provide any information whatsoever regarding what injuries she claims to have sustained or what evidence, if any, exists pertaining to any of the liability or damages issues in this case. Such a wholesale unwillingness or inability to participate in the discovery process are grounds for Rule 37(b)(2)(A) relief, including dismissal of the case. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

  For example, in *Blood v. City of Bay City*, plaintiff filed a lawsuit against the defendant city, alleging that he was fired because of his age in violation of Title VII, the Age Discrimination in Employment Act, and Michigan's Elliott-Larsen Civil Rights Act. 2013 U.S. Dist. LEXIS 11344, at *1 (E.D. Mich. Jan. 29, 2013). Defendant filed a motion to compel

4

plaintiff's answers to interrogatories and requests for production of documents after plaintiff "refused, or simply neglected, to respond." *Id.* at *2. Defendant sought dismissal of the action pursuant to Rule 37, arguing that the plaintiff "has abandoned this litigation. He has failed and refused to comply with the provisions of this Court's Case Management and Scheduling Order. He has failed and refused to cooperate in the discovery process." *Id.* According to plaintiff's attorney, "[t]here ha[d] been a breakdown in communication between plaintiff and his counsel," and he had therefore been unable to provide responses to defendant's discovery. *Id.* at *3.

In finding that dismissal of plaintiff's case was warranted as a sanction, the court evaluated four factors: "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." *Id.* at *4 (quoting *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005)).

In regard to the first factor, the court noted that "it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Id.* (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Because plaintiff, who has the burden "of showing that his failure to comply was due to inability, not willfulness or bad faith," failed to establish by competent proof a legitimate reason for his noncompliance with discovery, the court found that this factor weighed "heavily in favor of dismissal." *Id.* The *Blood* court also found that the second factor (i.e., prejudice) weighed in favor of dismissal, because "[d]efendant has been forced to defend against this lawsuit without the benefit of routine discovery information. Defendant also expended resources to prepare interrogatories and production requests, and to take Plaintiff's deposition — attempts to gather information and advance these proceedings that all proved fruitless." *Id.* at *5. The court further found that the

5

third and fourth factors, which the court handled simultaneously, also weighed in favor of dismissal, notwithstanding the fact that no prior warnings of dismissal were explicitly made to plaintiff by the court:

> At this point, Plaintiff has not received explicit warning that his actions could lead to the dismissal of his case and the Court has not expressly considered other sanctions. However, Plaintiff has been made aware that his conduct is unacceptable, through Defendant's motion to compel and his own counsel's motion to withdraw. Additionally, the Sixth Circuit has established that dismissing a case under Rule 37 where a plaintiff has no prior notice and no other sanctions were expressly considered is "not necessarily an abuse of discretion." Where, as here, a plaintiff willfully refuses to comply with the discovery process in spite of his ability to do so, and prejudices his adversary as a result, dismissal of the case is warranted.

*Id.* at *5-6 (citing *Reyes*, 307 F.3d at 458). Accordingly, the court held that "[b]ecause Plaintiff seemingly does not wish to participate in this lawsuit — apparent from his conduct with both defense counsel and his own counsel — the lawsuit will be dismissed." *Id.* at *6.

Similarly, in *Aslani v. Sparrow Health Systems*, a *pro se* plaintiff likewise failed to respond to interrogatories, appear for his deposition, and to execute medical authorizations allowing defendants to obtain plaintiff's medical records. 2010 U.S. Dist. LEXIS 53266, at *24-25 (W.D. Mich. May 28, 2010). In response to defendants' motion to compel, Plaintiff argued that his severely poor health condition, which was confirmed by two letters drafted by his treating physicians, prevented him from participating in the discovery process. *Id.* at *18-19, 35. While evaluating the four aforementioned factors to determine what sanctions were appropriate under Rule 37, the court found that plaintiff's health issues did not excuse him from his discovery obligations and that his failure to respond to defendants' requests constituted reckless disregard for the discovery process:

> Even assuming *arguendo* that [plaintiff's] health problems are as dire and longstanding as he indicates, it strains credulity to believe that he was unable (rather than unwilling) to merely send a short note or e-mail, or make a telephone

6

> call, to opposing counsel to request a different deposition date, time or location. The court finds, then, that [plaintiff's] non-cooperation regarding his deposition, the protective order, the list of treating physicians, and the medical-authorization forms, are all willful and in bad faith. Even assuming *arguendo* that [plaintiff's] conduct in these areas did not display "an intent to thwart judicial proceedings"— as it appears—at the very least his conduct evinces "a reckless disregard for the effect of his conduct on those proceedings."

*Id.* at *35-36 (quoting *Shaw-El v. Serra Bros, Inc.*, 2008 U.S. Dist. LEXIS 113924, at *15 (E.D. Mich. Aug. 7, 2008))).

The *Aslani* court further found that plaintiff's "longstanding unreasonable and unjustified refusal to sign medical-disclosure authorization forms (as well as his refusal to participate in scheduling and attending his own deposition) have substantially prejudiced the defendants." *Id.* at *36. Specifically, the court found that plaintiff's "refusal to sign those authorizations have prevented, and continues to prevent the defendants from building the record needed to defend this case—a record needed in order to thoroughly advise their clients, and to help the clients reach informed decisions about settlement, dispositive-motion practice, and if necessary, trial." *Id.* Pursuant to Rule 37, the court sanctioned plaintiff and ordered him "to *promptly sign all* forms needed to authorize the defendants and others to both disclose and obtain all of his medical records and information," and further required plaintiff "to reimburse the defendants for the attorneys fees and other costs which they incurred to have their counsel attend his deposition," along with a warning that any further discovery violations would result in dismissal of his claims. *Id.* at *39-41 (emphasis in original). Ultimately, the case was dismissed six weeks later for plaintiff's noncompliance with court orders and the Federal Rules of Civil Procedure regarding discovery. 2010 U.S. Dist. LEXIS 95709, at *47 (W.D. Mich. July 16, 2010).

Here, a similar result to *Blood* and *Aslani* is warranted. As a result of Plaintiff's failure to meet her discovery obligations under the Federal Rules, it has become impossible for Frontier to

retain, let alone disclose, any experts by its November 25, 2013 deadline. Further, Plaintiff's failure to respond to written discovery or even disclose the nature of her injury has prohibited Frontier from proceeding with her deposition in any meaningful manner. *See, e.g.*, *Aslani*, 2010 U.S. Dist. LEXIS 53266, at *36. Put simply, Plaintiff has had more than an ample amount of time to respond to Frontier's Requests for Production and Interrogatories and refuses to do so. Frontier has been prejudiced by Plaintiff's failure to engage in the discovery process, and therefore, Frontier requests that this Court dismiss Plaintiff's complaint for her apparent unwillingness to engage in the discovery process and her abandonment of this litigation. Should the Court, however, not believe dismissal is warranted at this time, Frontier requests an order compelling Plaintiff to: (1) provide full and complete written responses to Frontier's Interrogatories without objections; (2) produce without objection all documents responsive to Frontier's Requests for Production of Documents; (3) produce executed copies of the HIPAA authorizations for Plaintiff's identified treating physicians and other healthcare professionals; (4) produce an executed copy of the Centers for Medicare & Medicaid eligibility form for Medicare purposes; (5) and serve all such written responses and documents within seven days after entry of an order granting Frontier's present motion.

II.    **AN ORDER COMPELLING PLAINTIFF TO DISCLOSE THE NATURE OF HER INJURIES AND A COMPUTATION OF DAMAGES IN ACCORDANCE WITH FEDERAL RULE 26(A)(1) IS WARRANTED.**

Pursuant to Federal Rule 26(a)(1), a plaintiff is required to provide to the opposing party certain categories of information and/or documents, including "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on

8

the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(iii). Rule 26 also provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" FED. R. CIV. P. 26(e)(1). Such initial disclosures are inherently significant, because "early disclosure of a party's damages computation 'provide[s] [the] opposing party with an early understanding of the basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery as to the underpinning of such a claim.'" *Hewlett Packard Co. v. Factory Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 44365, at *40 (S.D.N.Y. June 28, 2006).

Notably, if a party does not disclose information that must be disclosed under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c); *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). Further, unless non-disclosure was justified or harmless, "[t]he exclusion of non-disclosed evidence is automatic and mandatory." *Tanner v. Inland Lakes Mgmt.*, 2008 U.S. Dist. LEXIS 33364, at *3 (E.D. Mich. Apr. 23, 2008 (quoting *Dickenson*, 388 F.3d at 983). As succinctly stated by the district court in *Knight v. St. Jude Medical*:

> In their initial Rule 26(a)(1) disclosures, Plaintiffs identified several lay witnesses as well as certain documents, electronically stored information, and tangible things that they have in their possession, custody, or control and may use to support their claims or defenses. Plaintiffs, however, failed to provide a computation of damages . . . . In sum, therefore, Plaintiffs have failed to comply with the Court's Case Management Order and provide the disclosures required by Federal Rule of Civil Procedure 26(a). . . . While the Court sympathizes with Plaintiffs' plight and their status as *pro se* litigants, their repeated failure to comply with this Court's Orders can only be characterized as willful.

2012 U.S. Dist. LEXIS 166792, at *11-13 (W.D. Mich. Sept. 7, 2012).

9

Here, the only damages information disclosed by Plaintiff is a single statement that "Plaintiffs damages are primarily pain and suffering." (Ex. D, Plaintiff's Disclosures). Such disclosure lacks the requisite specificity under Federal Rule 26(a), as it contains no information concerning what Plaintiff's alleged injuries are and provides no "materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(iii). As a result of Plaintiff's failure to disclose, along with her complete failure to participate in discovery, Frontier continues to lack the requisite information concerning Plaintiff's claim in order to adequate defend the case.

Accordingly, Frontier requests the Court to issue an order prohibiting Plaintiff from introducing any evidence regarding her medical condition. *See Multimatic, Inc. v. Faurecia Interior Sys. USA*, 2007 U.S. Dist. LEXIS 12896 (E.D. Mich. Feb. 26, 2007), *aff'd* 2009 U.S. App. LEXIS 28156 (6th Cir. 2009) (issuing an order barring cross-plaintiff from introducing "evidence of its damages," because cross-plaintiff "offered no justification for its failure to disclose information regarding its calculation of damages" pursuant to Rule 26; thereafter granting summary judgment in favor of cross-defendant because "having no evidence of damages, [cross-plaintiff] cannot prevail on its claims as a matter of law"); *also Taborelli v. Czop*, 2012 U.S. Dist. LEXIS 48320, at *3 n.1 (W.D. Mich. Feb. 1, 2012) ("The court warned plaintiff that failure to comply with the order would result in the entry of an order under Rule 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure 'prohibiting plaintiff from introducing any evidence regarding his medical condition.'"). Alternatively, Frontier requests an order compelling Plaintiff to provide a computation of damages and any documents on which the computations are based, including materials bearing on the nature and the extent of injuries suffered, in accordance with Federal Rule 26(a)(1).

### III. AN EXTENSION OF TIME FOR FRONTIER TO DISCLOSE ITS EXPERTS AND EXPERT REPORTS IS PROPER GIVEN PLAINTIFF'S FAILURE TO PROVIDE FRONTIER WITH ANY DISCOVERY CONCERNING HER CLAIMS AND/OR INJURIES.

Pursuant to Federal Rule of Civil Procedure 16, this Court's scheduling order may be modified for good cause and with the court's consent. FED. R. CIV. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Good cause" is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Plaintiff does not oppose Frontier's request to modify the scheduling order, and as discussed above, Plaintiff has failed to engage in the discovery process and as such Frontier cannot disclose, let alone retain, any experts without having any information regarding Plaintiff's alleged injuries, medical treatment and history. Plaintiff has not filed any expert reports in accordance with the Court's scheduling order, so it is further difficult, if not impossible, for Frontier to determine what kind of experts will be necessary to retain in the present litigation.

Therefore, if the Court chooses not to dismiss Plaintiff's case entirely, then Frontier requests the Court to modify the present scheduling order by striking Frontier's deadlines to disclose its experts and submit its experts' reports, and reset such deadlines at a time after which Plaintiff has complied with all discovery and has presented for deposition.

## **RELIEF REQUESTED**

For the reasons set forth in this motion and support brief, Defendant FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing the complaint with prejudice or, alternatively, prohibiting Plaintiff JUDY EISINGER from introducing any evidence regarding her alleged medical injuries and damages. Should the Court deem other relief to be more appropriate, Defendant FRONTIER AIRLINES, INC. respectfully requests this Court to enter an order compelling Plaintiff JUDY EISINGER to:

(1) provide a computation of damages and all documents on which the computations are based, including materials bearing on the nature and the extent of injuries suffered, in accordance with Federal Rule 26(a)(1);

(2) provide full and complete written responses to Frontier's Interrogatories without objections;

(3) produce all documents responsive to Frontier's Requests for Production of Documents which Plaintiff has within its possession, custody, or control without objections;

(4) produce completed and executed copies of the HIPAA authorizations for Plaintiff's previously identified treating physicians and other healthcare professionals;

(5) produce a completed and executed copy of Centers for Medicare & Medicaid eligibility form;

(6) serve the aforementioned written discovery responses and documents within seven (7) days of entry of the Court's order granting Frontier's motion;

(7) include in its Order an explicit warning to Plaintiff that any future discovery violations may result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or as a sanction against Plaintiff pursuant to Federal Rule of Civil Procedure 37(b);

(8) and for such further relief as this Court deems just and reasonable.

FRONTIER AIRLINES, INC. further requests that the Court modify the present scheduling order by striking Frontier's deadlines to disclose its experts and submit its experts'

reports, and reset such deadlines at a time after which Plaintiff has complied with all discovery and has presented for deposition.

Dated: November 15, 2013       Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By:   /s/ Steven L. Boldt_____
         One of Its Attorneys

Dean G. Greenblatt (P54139)
DEAN G. GREENBLATT, PLC
4190 Telegraph Road, Suite 3500
Bloomfield Hills, MI 48302
Phone: (248) 644-7520
dgg@mnsi.net

-and-

Steven L. Boldt (IL 6302430)
Brian T. Maye (IL 6288778)
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Fax No.: (312) 345-9860
sboldt@amm-law.com
bmaye@amm-law.com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 15, 2013, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the Eastern District of Michigan, Southern Division by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Steven L. Boldt_____
Steven L. Boldt (IL 6302430)

13