STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

    Plaintiff,

v.

FRONTIER AIRLINES

    Defendant.

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

_____/

| | |
|---|---|
| SCHRAM, BEHAN & BEHAN<br>Michael R. Behan (P45121)<br>Attorneys for Plaintiff<br>Eastbrook Plaza<br>4127 Okemos Road, Suite 3<br>Okemos, MI 48864<br>(517) 347-3500 | ADLER MURPHY & McQUILLEN LLP<br>Steven L. Boldt (*admitted pro hac vice*)<br>Attorneys for Defendant<br>20 South Clark Street<br>Suite 2500<br>Chicago, IL 60603<br>Telephone:  (312) 345-0700<br>Facsimile:  (312) 345-0700 |
| DEAN G. GREENBLATT, PLC<br>DEAN G. GREENBLATT (P54139)<br>Attorney for Defendant<br>4190 Telegraph Road<br>Suite 3500<br>Bloomfield Hills, MI 48302<br>(248) 644-7520 | |

_____/

**DEFENDANT FRONTIER AIRLINES, INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF JUDY EISINGER**

NOW COMES Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, DEAN G. GREENBLATT, PLC and ADLER MURPHY & McQUILLEN LLP, pursuant to MCR 2.309, and hereby propounds its First Set of Interrogatories to Plaintiff, who is directed to answer each Interrogatory separately, in writing, and under oath, and to serve a copy of her answers within twenty-eight (28) days of service on the attorneys identified below.

1

## INSTRUCTIONS

1. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences and events mentioned, referred to or complained of in Plaintiff's Complaint and Jury Demand (the "Complaint").

2. Where the identity of a person is requested, state each person's full name, home address, home telephone number, employer, profession or trade, business address, business telephone number, social security number, place of birth and date of birth.

3. Where the identity of a corporation, business, partnership, hospital, medical center, clinic, institution or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address and its telephone number.

4. Where you are asked to identify documents, for each document state its type (e.g., letter, video tape, memorandum, etc.), its location, and the custodian or bearer of each such document.

5. Unless otherwise indicated, the interrogatories propounded herein refer to the time, place and circumstances of the incidents and events mentioned, referred to or complained of in the pleadings.

6. If you maintain that any information or documentation responsive to these interrogatories is privileged, or if you have withheld any such responsive information or documentation on any ground of confidentiality, with regard to all such information or documentation, set forth:

   a. The legal nature of the privilege or claim of confidentiality asserted;
   b. The factual basis for asserting the privilege or claim of confidentiality;
   c. The subject matter to which the privilege or claim of confidentiality relates;
   d. With respect to a document, identify the document by subject matter, date of creation, date of distribution and type (e.g., letter, memorandum, tape, computer diskette, etc.), state the number of pages and attachments of the document, identify each person to whom the document (or copy thereof) was sent or shown, and state the reason each such person was sent or shown the document (or copy thereof); and
   e. With respect to information other than a document, identify the person or persons from whom such information was obtained and identify each person or person to whom such information was communicated in any way.

7. An objection that an Interrogatory is overbroad or exceeds the scope of permissible discovery does not relieve Plaintiff of the duty to respond to that portion which is not subject to the objection. If Plaintiff makes any such objection, Plaintiff is requested to specifically state what limitations Plaintiff claims should be made on the interrogatory, and to respond to that portion of the discovery request which is not subject to such limitations.

8. Each Interrogatory should be deemed continuing so as to require prompt supplemental responses in accordance with the Michigan Court Rules. As such, you are required to supplement your answers to include information acquired after filing your responses to these Interrogatories if you obtain information upon the basis of which you know that a response was incorrect or incomplete when made, or you know that a response, though correct and complete when made, is no longer true and complete and the circumstances are such that a failure to amend the response is in substance misleading or a knowing concealment. In addition, you are required to supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and with respect to the identity and location of each person expected to be called as an expert witness at trial, the subject matter on which he or she is expected to testify, and the substance of his or her testimony. Such supplemental responses are to be served upon this party within the time limits set forth in the Michigan Court Rules.

## DEFINITIONS

As used herein, the term(s):

1. "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRI's, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

2. "Person" or "persons" mean any natural person or any entity including, but not limited to: any corporation; partnership; association; company; estate; business; or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

3

3. "You," "your," or "Plaintiff" means Judy Eisinger or any person acting on her behalf.

4. "Incident" means the events and circumstances which occurred on or about October 7, 2010 giving rise to the present cause of action, as further set forth in your Complaint.

## INTERROGATORIES

1. State your full name, all other names by which you are known, your current residence address, date of birth, marital status, driver's license number and issuing state, social security number and the name and address of each person assisting or participating in answering these Interrogatories.

   ANSWER:

2. State the full name and current residential address of each person who witnessed or claims to have witnessed the Incident, or who was present and/or claims to have been present at the location of the Incident immediately before, at the time of, and/or immediately after the Incident.

   ANSWER:

3. State all facts and identify all documents that support your contention that you suffered "serious and what appear to be permanent injuries," and describe the precise nature of all physical and mental pain, suffering, disability, incapacity, loss, distress and anguish alleged to have been suffered by you as a result of the Incident. If you claim that any injury is permanent, describe the nature of such permanent condition(s).

   ANSWER:

4. With regard to your injuries, state:

   a. The name and address of each attending physician and/or health care professional for which you sought treatment;
   b. The name and address of each person and/or laboratory taking any X-ray, MRI and/or other radiological tests of you;
   c. The date or inclusive dates on which each of them rendered you service;
   d. The amounts to date of their respective bills for services.

   ANSWER:

4

5.  As the result of your personal injuries, were you unable to work? If so, state:

    a.  The name and address of your employer, if any, at the time of the occurrence, your wage and/or salary, and the name of your supervisor and/or foreperson;
    b.  The date or inclusive dates on which you were unable to work;
    c.  The amount of wage and/or income loss claimed by you;
    d.  The name and address of your present employer and your wage and/or salary.

    ANSWER:

6.  Had you suffered any personal injury or prolonged, serious and/or chronic illness prior to the date of the Incident? If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

    ANSWER:

7.  Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence? If so, state:

    a.  The name of any psychiatric, psychological and/or emotional injury claimed, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;
    b.  The date or inclusive dates on which each of them rendered you service;
    c.  The amounts to date of their respective bills for services;
    d.  Whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the occurrence;
    e.  The name of such prior psychiatric, psychological and/or emotional injury, the date or inclusive dates on which you were rendered treatment, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each prior injury.

    ANSWER:

8.  Have you suffered any personal injury or prolonged, serious and/or chronic illness since the date of the Incident? If so, state when you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or the illness suffered, and state the name and address of each physician or other health care

5

professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:**

9. Have you ever filed any other lawsuits, engaged in administrative proceedings and/or otherwise filed a claim for your own personal injuries? If so, state the nature of the injuries claimed, the courts and the captions in which filed, the years filed, and the titles and docket numbers of the suits.

    **ANSWER:**

10. Have you ever filed a claim for and/or received any workers' compensation benefits? If so, state the name and address of the employer against whom you filed for and/or received benefits, the date of the alleged accident or accidents, the description of the alleged accident or accidents, the nature of your injuries claimed and the name of the insurance company, if any, who paid any such benefits.

    **ANSWER:**

11. Were any photographs, movies and/or videotapes taken of the Incident or of the scene of the Incident or of the persons and/or objects involved? If so, state the date or dates on which such photographs, movies and/or videotapes were taken, the subject thereof, who now has custody of them, and the name, address, occupation and employer of the person taking them.

    **ANSWER:**

12. Have you received any payment and/or other consideration from any source in compensation for the injuries alleged in your Complaint? If your answer is in the affirmative, state:

    a. The amount of such payment and/or other consideration received;
    b. The name of the person, firm, insurance company and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration;
    c. The specific date(s) on which you received each payment and/or other consideration.

    **ANSWER:**

13. Had you consumed any alcoholic beverages within 12 hours immediately prior to the Incident or used any drugs or medication within 24 hours immediately prior to the Incident? If so, state the names and addresses of those from whom it was obtained, where it was consumed, the particular kind and amount of alcoholic

beverage, drug or medication so consumed by you, and the names and the current resident addresses of all persons known by you to have knowledge concerning the consumption of alcoholic beverages or the use of said drug or medication.

ANSWER:

14. Have you ever been convicted of a misdemeanor involving dishonesty, a false statement or a felony? If so, state the nature thereof, the date of the conviction, and the court and the caption in which the conviction occurred. For the purpose of this Interrogatory, a plea of guilty shall be considered as a conviction.

ANSWER:

15. State whether you were named or covered under any policy or policies of insurance effective on the date of the Incident, and if so, state the name of each such company or companies, the policy number or numbers, the effective period(s) and the maximum liability limits for each person and each occurrence, including umbrella or excess insurance coverage, property damage and medical payment coverage.

ANSWER:

16. Please describe in detail your recollection of the Incident, including but not limited to: the location and time of the Incident; where you were at the time of the Incident; what you were doing immediately before, during, and after the Incident; and how your alleged injuries are related to such events.

ANSWER:

17. Identify all social networking, social media, or other internet sites that you are or were a member of on or after January 1, 2007, including, but not limited to, Facebook, MySpace, Google Buzz, LinkedIn, Twitter, Flickr, YouTube, LiveJournal, Blogster, My Opera, Open Diary, Tumblr and/or WordPress.

ANSWER:

18. Please describe the categories of damages you are seeking (e.g., lost income, etc.), state the amount of damages you are seeking for each category, and identify all documents that support your claim for damages, including your method of calculating or determining said alleged damages.

ANSWER:

19. If an investigation of the Incident or of the events, occurrences or conditions of the Incident has been conducted for you or on your behalf, for each such investigation:

    a. Identify the investigator;
    b. State the date or dates when the investigation was performed;
    c. Identify all persons interviewed in connection with the investigation;
    d. Identify all documents concerning or relating to the investigation.

    ANSWER:

20. State all facts and identify all documents that support your contention that you suffer from a handicap and must travel by wheelchair, as alleged in your Complaint, and identify with specificity what your handicap condition is, the doctors and/or health care professionals that diagnosed and/or treated you for this condition, and the respective dates of treatment.

    ANSWER:

21. State all facts and identify all documents that support your contention that Frontier sold you ticket #4227917374471, which stated that you were immobile, as alleged in your Complaint.

    ANSWER:

22. State all facts and identify all documents that support your contention that Frontier had not taken the precautions necessary for your safety, as alleged in Paragraphs 10 and 13 of your Complaint, and identify with specificity what reasonable measures you contend would have prevented the alleged Incident.

    ANSWER:

23. Identify with specificity the "significant physical pain, injury, and discomfort" you allege to have suffered as a result of the Incident, and state all facts and identify all documents that support your contention.

    ANSWER:

24. State all facts and identify all documents that support your contention that you "sustained serious and what appear to be permanent injuries," as alleged in your Complaint.

    ANSWER:

8

25. State all facts and identify all documents that support your contention that the aircraft was not in a condition to accommodate handicap persons such as plaintiff, as alleged in Paragraph 12 of your Complaint, and identify with specificity what condition(s) of the aircraft failed to accommodate you and would have prevented the alleged Incident.

    ANSWER:

26. State all facts and identify all documents that support your contention that you were dropped by Frontier employees, as alleged in your Complaint.

    ANSWER:

27. Identify with specificity all flights you have taken from January 1, 2007 to present, including, but not limited to, what airline(s) you flew, the dates you flew, the origin and destination of such flights, all persons you traveled with, and identify all documents relating to these flights.

    ANSWER:

28. Identify by name, current or last known address and telephone number of all lay witnesses who will testify at trial, together with the subject matter of their testimony.

    ANSWER:

29. Identify each independent expert witness who may offer testimony. In addition, state the following information:

    a. The subject matter on which each witness is expected to testify;
    b. The conclusions and opinions of each witness and the basis thereof;
    c. The qualifications of each witness; and
    d. Attach any reports prepared by each witness about the case.

    ANSWER:

30. Identify each controlled expert witness who may offer testimony. In addition, state the following information:

    a. The subject matter on which each witness is expected to testify;
    b. The conclusions and opinions of each witness and the bases thereof;
    c. The qualifications of each witness; and
    d. Attach any reports prepared by the witness about the case.

    ANSWER:

Dated: February 21, 2013

Respectfully submitted,

By: Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-0700

Dean G. Greenblatt, Esq.
DEAN G. GREENBLATT, PLC
4190 Telegraph Road
Bloomfield Hills, MI 48302
Telephone: (248) 644-7520

**ATTORNEYS FOR DEFENDANT FRONTIER AIRLINES, INC.**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

JUDY EISINGER

    Plaintiff,

v.

FRONTIER AIRLINES

    Defendant.

_____/

Case No. 12-98657-NI

Hon. Judith A. Fullerton
P-20455

SCHRAM, BEHAN & BEHAN
Michael R. Behan (P45121)
Attorneys for Plaintiff
Eastbrook Plaza
4127 Okemos Road, Suite 3
Okemos, MI 48864
(517) 347-3500

DEAN G. GREENBLATT, PLC
DEAN G. GREENBLATT (P54139)
Attorney for Defendant
4190 Telegraph Road
Suite 3500
Bloomfield Hills, MI 48302
(248) 644-7520

ADLER MURPHY & McQUILLEN LLP
Steven L. Boldt (*admitted pro hac vice*)
Attorneys for Defendant
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-0700

_____/

### DEFENDANT FRONTIER AIRLINES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER THINGS TO PLAINTIFF

NOW COMES Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its attorneys, DEAN G. GREENBLATT, PLC and ADLER MURPHY & McQUILLEN LLP, pursuant to MCR 2.310, and hereby propounds its First Request for the Production of Documents and Other Things to Plaintiff, who is directed to produce the following documents and written responses within twenty-eight (28) days of service on the attorneys listed below.

1

## INSTRUCTIONS

1. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences and events mentioned, referred to or complained of in Plaintiff's Complaint and Jury Demand (the "Complaint").

2. If you maintain that any information or documentation responsive to these requests is privileged or if you have withheld any such responsive information or documentation on any ground of confidentiality, with regard to all such information or documentation, set forth:

   (a) The legal nature of the privilege or claim of confidentiality asserted;
   (b) The factual basis for asserting the privilege or claim of confidentiality;
   (c) The subject matter to which the privilege or claim of confidentiality relates;
   (d) With respect to a document, identify the document by subject matter, date of creation, date of distribution and type (e.g., letter, memorandum, tape, computer diskette, etc.), state the number of pages and attachments of the document, identify each person to whom the document (or copy thereof) was sent or shown, and state the reason each such person was sent or shown the document (or copy thereof); and
   (e) With respect to information other than a document, identify the person or persons from whom such information was obtained and identify each person or persons to whom such information was communicated in any way.

3. In responding to these requests, please obtain and furnish all information and documents in the possession of you, your agents and employees and any other person or entity acting on the plaintiff's behalf or on your behalf, and not merely such information and documents as are within your personal possession.

4. If, after exercising due diligence to secure the documents necessary to provide a complete response to any of these requests, you are unable to provide a response, please provide a statement to that effect followed by an explanation of your inability to provide a complete response to each request, a detailed account of the efforts you have made to secure any documents which you have been unable to obtain, and the most complete response to each request that you can provide.

5. If you maintain that any document to be produced pursuant to a request made herein, has been lost, misplaced or destroyed, please set forth:

   (a) The last known custodian of the document;
   (b) Whether the document has been lost, misplaced or destroyed;
   (c) The date on which the document was lost, misplaced or destroyed;
   (d) The manner in which the document was lost, misplaced or destroyed;

(e) The reason(s) (if known) that the document was lost, misplaced or destroyed;
(f) The name(s) of the person(s) (if known) who lost, misplaced or destroyed the document;
(g) The name(s) of the person(s) (if known) who authorized the destruction of the document (if applicable);
(h) Any efforts made to locate, recover and/or salvage the document; and
(i) A statement describing the document, including: a summary of its contents, the identity of its author, the identity of each person to whom it was addressed, and the identity of each person to whom the original or a copy was sent or shown.

6. If any document is requested that is no longer in existence, then in response to each please:

(a) Identify all information contained in the document;
(b) Classify the document by type letter, memorandum, tape, computer diskette;
(c) State the time period during which the document was maintained;
(d) State the circumstances under which the document ceased to exist;
(e) Identify all persons having knowledge of the circumstances under which the document ceased to exist, and
(f) Identify all persons who have knowledge or had knowledge of the document and its content.

7. Each request should be deemed continuing so as to require prompt supplemental responses in accordance and to the fullest extent of the Michigan Court Rules.

## DEFINITIONS

As used herein, the term(s):

1. "You," "your," or "Plaintiff" means Judy Eisinger or any person acting on her behalf.

2. "Incident" means the events and circumstances which occurred on or about October 7, 2010 giving rise to the present cause of action, as further set forth in your Complaint.

3. "Documents" mean and include, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video

3

tapes, audio tapes, photographs, kinescopes, X-rays, MRI's, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, e-mails, and all copies of the aforesaid upon which have been placed any additional marks or notations.

    4.    "Person," "persons," or "individuals" mean any natural person or any entity including, but not limited to: any corporation; partnership; association; company; estate; business; or governmental entity or agency (public or private), having a separate identification, which is recognized, either in law or in fact.

## PRODUCTION REQUESTS

1. All documents identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

2. All statements, whether oral, written or court reported, signed or unsigned, from any person who witnessed or claims to have witnessed the Incident specified in Plaintiff's Complaint or who was present at the scene of the Incident, at the time of or immediately prior or subsequent to said Incident, or who has or claims to have knowledge of any of the facts of the occurrence specified in the Complaint.

3. Complete, unedited and unabridged copies of any and all accident or incident reports prepared in conjunction with the Incident set forth in Plaintiff's Complaint, including, but not limited to, governmental reports, investigating agencies' reports, police reports, fire department reports, etc.

4. Any and all investigators' reports or memoranda, including, but not limited to, reports reflecting conversations with witnesses, parties or anyone having knowledge or claiming to have knowledge regarding the factual allegations in Plaintiff's Complaint.

5. Each and every exhibit, model, diagram, picture, motion picture, video tape, reconstruction, computer reconstruction, slide, graph, chart, sketch, drawing, or other graphic or tangible reproduction or representation of any person, object or scene which is, or may be, involved in this lawsuit.

6. All documents relating to any physical health condition or mental health condition suffered by you as a result of the Incident, including, but not limited to, records and bills of physicians and other health care professionals, hospital records, photographs, x-rays and other graphic test results.

7. All payroll, personnel, and employment records maintained by any person, corporation, partnership or other organization who or which employed you during the years 2003 to present.

8. Signed copies of your income tax returns, including but not limited to all schedules, W-2s, K-1s, 1098s, 1099s, and all amendments/revisions to the same, and all other supporting documentation, for the years 2003 to present.

9. All statements of every person who witnessed or claims to have witnessed any physical health condition or mental health condition which you allege to have suffered as a result of the Incident.

10. All releases, assignments, and settlement agreements (of any kind) entered into by you that are related to the Incident.

11. All photographs, slides, motion pictures, videotapes, or other photographic reproductions taken subsequent to the alleged Incident of the Plaintiff, the scene of the Incident, and/or other physical objects involved at the scene of the alleged Incident.

12. All documents relating to all out-of-pocket expenses and other pecuniary losses alleged to have resulted from the Incident, including, but not limited to, bills for medical services rendered, receipts given for payments made, verifications of lost wages and earnings.

13. All documents relating to any citations, warnings, disciplinary actions, and/or legal proceedings regarding your job performance and/or employment history.

14. All documents related to any and all prior lawsuits, workers' compensation claims, administrative proceedings and/or other claims relating to any personal injuries you may have suffered.

15. All documents relating to any contact or communication between you and representatives, agents, supervisors, and/or employees of Federal Aviation Administration and/or the National Transportation Safety Board in connection with or related to the Incident and/or the date of the Incident.

16. Each and every treatise, article, abstract, journal, textbook, paper, text, encyclopedia or other literature, report, note, memoranda, document, or material pertaining to the allegations in your Complaint.

17. Copies of reports from all expert witnesses identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

18. Any and all reports, memoranda, correspondence, bills, invoices or other documents, of any kind or type, from any person, partnership, corporation or other entity, who will or may render opinion testimony at trial.

19. Complete and unedited retainer agreements between you, or between your agents or attorneys, and each opinion witness identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

20. Copies of all notes, memoranda and correspondence to and from all expert witnesses identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

21. Copies of all notes or memoranda prepared by all expert witnesses identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

22. The reports of all opinion witnesses identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

23. Copies of all bills, invoices, and time sheets, issued by the expert witnesses identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

24. All insurance policies that provide coverage and/or benefits to you in relation to the Incident.

25. All transcripts from each educational, vocational, correctional, or training institution that you attended from high school/secondary school to the present.

26. Each and every document regarding or referring to any and all other costs, out-of-pocket expenses, monetary expenses, incurred as a result of the Incident alleged in your Complaint, including, but not limited to, bills, expense statements, estimates, receipts, insurance claim forms, etc.

27. Any and all documents referring to or regarding medical and hospital expenses incurred as a result of the alleged Incident, including, but not limited to, bills, invoices, receipts, insurance claim forms, etc.

28. Any and all of your medical records and bills for the years 2002 to present.

29. Any and all of your employment records, including, but not limited to, applications for employment, letters of reference, evaluation reports, correspondence, memoranda, time records, medical reports and medical claims records.

30. Any and all photographs, movies and/or videotapes taken of the Incident or of the scene of the Incident or of the persons and/or objects involved.

31. Any and all photographs, movies and/or videotapes taken of the Plaintiff since the date of the Incident.

32. Any and all travel records and related documents of the Plaintiff since the date of the Incident and five (5) years prior thereto.

33. Any and all health club records and related documents of the Plaintiff since the date of the Incident and five (5) years prior thereto.

34. All profiles, postings, status updates, comments, and messages made by you on any social networking site, including, but not limited to, Facebook, MySpace, Google Buzz, LinkedIn, and/or Twitter, from October 7, 2010 to present which in any way relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

35. All postings, entries, diaries, descriptions, captions, notes, and/or comments made by you on any blog or web-based journal site, including, but not limited to, LiveJournal, Blogster, My Opera, Open Diary, Tumblr and/or WordPress, from October 7, 2010 to present, which in any way relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

36. All photographs and/or videos of Plaintiff posted by you or in which you were "tagged" or otherwise identified on any social networking site, including, but not limited to, Facebook, MySpace, Google Buzz, LinkedIn, Twitter, Flickr, and/or YouTube, from October 7, 2010 to present.

37. A list identifying each and every statute, ordinance, regulation, by-law, standard or other guideline of any foreign, federal, state or local government, or government affiliated organization or of any professional, licensing or review authority which Plaintiff, Plaintiff's counsel or any witness on his behalf may use during trial.

38. Copies of all invoices, bills, canceled checks, receipts, notes, memoranda or correspondence regarding money paid to the opinion witnesses identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

39. Any and all depositions, courtroom testimony or statements that may be used by the Plaintiff in the cross-examination of any witness in this case, including, but not limited to, Defendant Frontier Airlines, Inc.'s witnesses.

40. To the extent not otherwise produced, all documents in your possession related to the Incident.

41. To the extent not otherwise produced, all documents which you believe in any way support your allegations and/or claims against Defendant Frontier Airlines, Inc., including, but not limited to, any documents you intend to use at trial as evidence to prove liability and/or your damages.

42. The affidavit of the responding party stating whether the production is complete in accordance with this request, and if not complete, stating with specificity wherein it is lacking.

Dated: February 21, 2013

Respectfully submitted,

By: Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street
Suite 2500
Chicago, IL 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-0700

Dean G. Greenblatt, Esq. (P54139)
DEAN G. GREENBLATT, PLC
4190 Telegraph Road
Bloomfield Hills, MI 48302
Telephone: (248) 644-7520

**ATTORNEYS FOR DEFENDANT FRONTIER AIRLINES, INC.**