UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

JUDY EISINGER,                                Case No. 5:13-cv-11475

    Plaintiff,                               Hon. John Corbett O'Meara

vs.                                                       Magistrate Judge Michael J. Hluchaniuk

FRONTIER AIRLINES, INC.

    Defendant.

Michael R. Behan (P45121)
Schram, Behan & Behan
Attorneys for Plaintiff
4127 Okemos Rd., Suite 3
Okemos, MI 48864
(517) 347-3500
behanm@tds.net

Steven L. Boldt
Adler, Murphy & McQuillen
Attorneys for Defendant
20 S. Clark Street
Chicago, Illinois
(312) 345-0700
sboltt@amm-law.com

Dean G. Greenblatt (P54139)
DEAN G. GREENBLATT, PLC
Attorneys for Defendant
4190 Telegraph Road, Suite 3500
Bloomfield Hills, Michigan 48302
(248) 644-7520
dgg@mnsi.net

**PLAINTIFF JUDY EISINGER'S RESPONSE AND BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL AND TO EXTEND TIME TO DISCLOSE EXPERTS**

    NOW COMES plaintiff, Judy Eisinger, by and through counsel, who hereby responds to the defendant's motion to compel answer's to interrogatories and request for documents and to extend time to disclose experts:

1

## RESPONSE

1.     As noted in the defendant's motion [Doc. 10], the plaintiff concurs with most of the relief sought by defendant in its motion.

2.     Clearly, the plaintiff needs to provide the requested discovery materials to defendant and clearly the defendant should be entitled to any extensions of time the delay in providing the requested discovery has caused.

3.     For the reasons outlined hereunder, striking the plaintiff's evidence or dismissing her case really isn't warranted under these circumstances (and the plaintiff would request the opportunity to brief in detail responses to these requests, if necessary).

4.     Based upon information plaintiff's counsel has been told by family members that the plaintiff has had some serious health issues over the past months that has required hospitalization and has resulted in the plaintiff leaving moving from her home in Texas.

5.     Plaintiff's counsel has made arrangements for plaintiff to be assisted in completing the requested medical authorizations and interrogatories and to have them returned.

6.     Plaintiff's counsel represented to defendant's counsel that this could be done by December 1, 2013, but because of the Thanksgiving holiday and the need to work with people in Texas to accomplish necessary tasks, plaintiff's counsel would request until December 6, 2013 to have the responses to the defendant.

7.     With respect to the Plaintiff's Rule 26(a) (1) disclosures, plaintiff's counsel prepared the disclosures based upon all of the information he had at the time of the discourses (which remains all of the information he has at this time).

8. It appears that the defendants biggest concern involves the questions of (a) what injuries the plaintiff alleges were sustained/exasperated as a result of the allegations in the complaint and (b) a computation of the damages. These are certainly reasonable and valid inquires and the requested discovery should assist in quantifying them.

9. The plaintiff, who was wheelchair bound at the time of this incident and obviously had health problems at the time of this incident, has no wage loss and (it is believed) has had most of the health costs covered. As such, it is believed that her alleged damages would be non-economic.

10. Plaintiff's counsel would request seven days from the delivery of the outstanding discovery to supplement/amend the Rule 26 (a) (1) disclosures so as to provide greater detail as to the specific damages the plaintiff alleges the defendant to be responsible for.

11. Finally, plaintiff's counsel would be remiss if he didn't acknowledge the class and professionalism with which defendant's counsel has handled these matters (while never ceasing to protect the interests of his client or defend this case in a zealous manner).

WHEREFORE, plaintiff, through counsel requests until December 6, 2013 to complete the requested outstanding discovery and requests seven days thereafter to supplement/amend the Rule 26 (a) (1) disclosures. Plaintiff, through counsel, also requests that the defendant be granted any extension it deems necessary for the naming of its witnesses, discovery, etc., as a result of the delays to discovery brought about by the plaintiff's medical condition (and the resulting delay in providing the requested discovery).

Dated:  November 21, 2013          By:      /s/   Michael Behan
                                            Michael R. Behan (P45121)
                                            Schram, Behan & Behan
                                            Attorneys for Plaintiff
                                            behanm@tds.net

## BRIEF

NOW COMES plaintiff, Judy Eisinger, by and through counsel, who hereby states as follows as her brief in response to the defendant's requested motion:

The plaintiff hereby incorporates the contents of her response to said motion [Doc. 10] as her brief.  Inasmuch as this is a discovery motion and the plaintiff concurs with the discovery/extension requests made by the defendant, it is hopeful that the concurrence will be enough to resolve these matters.

The plaintiff does not concur with the requests that her evidence be stricken and/or her case be dismissed (substantive issues).  In light of the 'emergency' nature of defendant's request and the hearing scheduled for this date, the plaintiff would request the opportunity to brief any substantive issues the Court would consider, if necessary.

WHEREFORE, plaintiff, through counsel requests until December 6, 2013 to complete the requested outstanding discovery and requests seven days thereafter to supplement/amend the Rule 26 (a) (1) disclosures.  Plaintiff, through counsel, also requests that the defendant be granted any extension it deems necessary for the naming of its witnesses, discovery, etc., as a result of the delays to discovery brought about by the plaintiff's medical condition (and the resulting delay in providing the requested discovery).

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2013, I electronically filed the foregoing document, PLAINTIFF JUDY EISINGER'S RESPONSE AND BRIEF TO MOTION [Doc. 10] in the above referenced cause of action, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, attorneys, and I also certify that the same document was sent via the CM/ECF system to:

Steven L. Boldt
Adler, Murphy & McQuillen
Attorneys for Defendant
20 S. Clark Street
Chicago, Illinois
(312) 345-0700
sboltt@amm-law.com

Dean G. Greenblatt (P54139)
DEAN G. GREENBLATT, PLC
Attorneys for Defendant
4190 Telegraph Road, Suite 3500
Bloomfield Hills, Michigan 48302
(248) 644-7520
dgg@mnsi.net

Dated:  November 21, 2013           By:      /s/   Michael Behan
                                             Michael R. Behan (P45121)
                                             Schram, Behan & Behan
                                             Attorneys for Plaintiff
                                             4127 Okemos Rd., Suite 3
                                             Okemos, MI 48864
                                             (517) 347-3500
                                             behanm@tds.net